SUYDAM and others *vs.* BARTLE and others.

An agreement that an agent or factor shall receive a reasonable compensation, to be paid by the principal, for accepting and paying bills with funds furnished by the latter, is not per se usurious.

And where the agreement, by its terms, contemplates an advance of money to pay the bills, when they become due, if the principal does not furnish the means of payment at the day, an allegation that such agreement was usurious merely presents a question of fact, to be decided by the proofs, whether the compensation agreed to be paid was intended as a mere shift to cover an usurious premium on such advances, or was intended as a compensation for the trouble and expense of accepting and paying the bills as the agent of the principal.

To render it necessary to file a replication to an answer, so as to enable the parties to take proofs of usury, the answer should contain a distinct allegation of usury; and an answer in which the defendant states, in general terms, that she believes the transaction was tainted with usury, is not sufficient for that purpose.

January 23.   THE bill in this cause was filed to foreclose a mortgage, executed by Bartle and wife and McNeil and wife, together with C. M. Norton, to the complainants; to secure the payment of a bond, executed by Bartle, McNeil and J. M. Norton to the complainants, conditioned to pay $40,000 and interest from the 12th of February, 1838.

The defendant C. M. Norton, who had mortgaged her dower interest in the premises as a mere surety for the obligors in the bond, put in an answer, not denying any of the allegations in the bill; but asking to have her rights protected if there should be any surplus proceeds of the mortgaged premises after paying the complainants' debt. The three obligors in the bond, together with Dickinson and Holliday their assignees, put in an answer, without oath, the substance of which was, that the bond and mortgage were usurious, because they were given to secure the balance due upon drafts drawn by Norton, Bartle and McNeil, and by a former firm of a different name, upon the complainants, under an agreement that the drawers should forward to the complainants produce, to be sold at New-York at a commission of two and a half per

cent, and that the complainants should accept the draft drawn on them, and should charge a commission of two and a half per cent for the acceptance of such drafts as were not met, by the proceeds of the produce sold, when they became due. The cause was heard on bill and answers as to the defendants who put in answers, except McNeil who had parted with all his interest to the assignees, and died before the hearing. And as to the other defendants, who were mere nominal parties, the bill was taken as confessed.

1843.

Suydam
v.
Bartle.

*D. Greig*, for the complainants. The agreement set forth in the answer of Bartle and others is not usurious. No loan was contemplated. There was no corrupt agreement, no device or cover for usury. To constitute usury there must be three things ; a loan, a corrupt agreement, and taking more than lawful interest. (*2 Cowen*, 678. *7 John. Ch.* 77. *2 Cowen*, 712. *4 Bro. C. C.* 28. *1 Ves. jun.* 527. *1 Atk.* 340, 350. *7 Barn. & Cress.* 453. *7 Peters*, 103. *4 Idem*, 205.) If there is any doubt the court will not presume a contract a shift, or for usury. (*1 Wash.* 368.) If a contract admits of two constructions, the one taking it out of the statute will be adopted. (*3 Cowen*, 284. *8 Wend.* 533. *10 Idem.* 116. *2 Mod.* 307. *Cro. Car.* 501.) A charge of a commission, by factors, in addition to legal interest on advances made, is lawful. (*Com. on Usury*, 119, § 11. *19 John. R.* 160. *7 John. Ch.* 69.) The two and a half per cent. commission to be allowed the complainants, is the usual commission charged by factors. It was a reasonable compensation for the services to be rendered, and was not a cover for usury. (*15 Ves.* 121. *1 Rose*, 29. *2 T. R.* 52, *n.* *2 Dea. & Chit.* 12, 240. *2 Rose*, 453. *1 Mad.* 112. *17 Ves.* 332. *19 John.* 160.) The agreement is not usurious on its face, as commissions are allowable and have been approved by the courts. The answer does not set up the defence of usury particularly. It is therefore not in issue. (*4 Paige*, 526. *6 T. R.* 460. *3 Cowen*, 284. *8 Wend.* 533. *1 Wash.*

368. 2 *Cowen,* 2, 271. 6 *T. R.* 460. 6 *Mod.* 303. 3 *Doug.* 218. 7 *John. Ch.* 69. 4 *Peters,* 205.) The court cannot infer what the defendants do not aver.

*J. Edwards,* for Bartle and others. The agreement, set forth in the answer of Bartle and others, executed simultaneously with the delivery of the bond and mortgage set forth in the bill of the complainants, and in reference to the same business, formed a part of the bond and mortgage. Such agreement is usurious because it stipulated that Norton, Bartle and McNeil, in addition to paying legal interest on the money raised on drafts, or advanced by the complainants to pay drafts not met at maturity, by the proceeds of produce, should also pay two and a half per cent on all sums so advanced ; and should consign to them produce to be sold by them upon commission, from which they would realize a large profit. If the money raised on the drafts, by the complainants, cannot be regarded as loans, the transaction must be considered as a change of securities, on which the complainants are to receive legal interest and also two and a half per cent on all advances made by them. This was a device and a cover for usury. (*Dunham* v. *Dey,* 13 *John.* 40. 16 *John.* 367. 5 *John. Ch.* 122. 21 *Wend.* 103. 1 *Camp.* 177.)

*J. Rhoades,* for C. M. Norton.

THE CHANCELLOR. The only question necessary to be considered in this case is, whether the transaction as stated in the answer of Bartle and others is usurious. There is no allegation that the form of providing for a commission of two and a half per cent, upon the acceptance of the drafts which should not be paid with the proceeds of produce, was resorted to or intended as a mere cover for usury, or as extra interest upon moneys to be loaned to the obligors in the bond, and to the former firm. It is not per se usurious for an agent or factor to agree for a reasonable commission, to be paid by the principal, for accepting and paying bills with funds furnished by the latter. And such I understand from

the answer to have been the nature of the agreement made in this case.

It is true the parties contemplated that the bills would generally be paid with the proceeds of produce; in which case the two and a half per cent, upon the amount of sales, was all the compensation the complainants were to receive for their trouble and expense, both for selling the produce and accepting and paying the drafts when they became due. But they also seem to have contemplated that the drawers would not always be able to send produce sufficient to meet and take up the drafts when they became due; and that it might sometimes be necessary that they should transmit other funds for that purpose. There is no pretence in the answer, however, that there was any agreement, or understanding between the parties, that the obligors should be authorized to draw without making provision for the payment of such drafts, at the times when they became payable, either by sending produce to be sold, or by remitting other funds to the complainants for that purpose. Even if the agreement by its terms contemplated an advance of money to pay the bills when they became due, so that they should not be returned protested if the drawers did not furnish the means of paying them at the day, it would still be a question of fact, to be decided by proof, whether the two and a half per cent was intended as a mere shift to cover an usurious premium on such advances, or as a compensation for the trouble and expense of accepting and paying the bills by the complainants, as the agents of the drawers. (*Nourse* v. *Prime*, 7 *John. Ch. Rep.* 78. *Comyn on Usury*, 133.) To enable either party to take proofs on this question, the answer should contain an allegation, or averment, that the parties intended the commission, upon the acceptances, as a premium for the advance of the money, beyond the legal rate of interest. The allegation in the answer of Mrs. Norton, the widow, that she is informed and believes the transaction is tainted with usury, is not sufficient to render it necessary to file a replication to that answer.

1843.

Suydam
v.
Bartle.

There must, therefore, be the usual decree, referring it to a master to compute the amount due on the bond and mortgage, and for a sale to satisfy the amount due with interest and costs ; and a decree over against the surviving obligor in the bond for the deficiency. The surplus, if any, must be brought into court. And the question as to the right of Mrs. Norton to claim such surplus, to the extent of the value of her interest in the mortgaged premises, and all other questions and directions as between her and her co-defendants, are to be reserved by the decree.