Rapallo, J.
 

 From the findings of the referee, it appears that the loan of $500 was not the inducement to the undertaking of the defendant Thomas Sheehan, to furnish composition and harden pipes for the plaintiff’s firm, but that that engagement had been verbally made before the loan was suggested, and the loan was applied for by the defendant for the avowed purpose of enabling him to carry out such previous engagement. -He was perfectly willing, and it seems desirous at that time, to furnish the composition and harden the pipes at the stipulated prices, and the referee .has found that they were fair. The prices which he was to receive were evidently considered full compensation-for the article and labor to be furnished. ' These prices were not fixed with reference to any loan of money, and when the loan was subsequently agreed upon, no rebate was made from them. It cannot be said, under these circumstances, that the agreement to furnish the composition and harden the pipes was an additional compensation paid by the defendant for the use of the money, even if it be conceded that the verbal agreement could not have been enforced. The furnishing of the article and labor at the prices named, seems to have been regarded by the defendant as advantageous to him as well as to the plaintiff’s firm, and for that reason he applied to the plaintiff to place him in a
 
 *193
 
 situation in which he would be enabled to obtain the materials with which to manufacture the article.
 

 Both parties seem to have intended to carry out the verbal agreement. Assuming that it was a mere privilege, so far as the plaintiff’s firm were concerned, yet they had begun to exercise it by calling for some of the composition, and the defendant had acquiesced in the demand; but postponed the delivery, alleging inability to obtain the necessary material.
 

 The referee finds that when the defendant applied for the loan, he stated that it would enable him to go right along and furnish the composition without delay, and that the plaintiff then suggested that the contract should be put in writing, which suggestion was acquiesced in by the defendant, the writing executed, and the loan made. The referee also finds that the execution of this instrument moved the plaintiff to make the loan, which he otherwise would not have done. But he does not find that the loan of the money moved the defendant to execute the agreement, or that if no loan had been made he would not have executed it. This was an essential element. (See
 
 Brooklyn Bank
 
 v.
 
 Waring, 2
 
 Sandf. Chy., 1.) On the contrary, the whole tenor of the case shows that the defendant, at the time of obtaining the loan, was desirous of establishing and carrying on the dealing with the plaintiff’s firm, and that the loan was incidental to that arrangement, and not that the arrangement was made for the purpose of procuring the loan and as a cover for usury. To establish usury some consideration in addition to lawful interest must proceed from the borrower. It is not sufficient that the lender is moved by considerations of collateral benefits to himself which may indirectly result from the transaction, provided they are not a burden imposed upon the borrower, and to which he submits as the means of obtaining the loan, and which are intended as a compensation to the lender beyond the legal rate of interest, for the use of the money. If the object of the defendant in making the agreement was to introduce his-patented article, and to induce the plaintiff’s firm to use it: in their factory and pay the agreed price, and, so far as that.
 
 *194
 
 agreement was concerned, he was moved wholly by those considerations, it cannot be said that any consideration for the use of the money loaned, beyond the legal rate of interest, proceeded from him. In making the agreement he was seeking his own advantage, and not paying a compensation to the lender of the money for its use.
 

 The findings expressly state that they contain all the facts found by the referee. This statement excludes any intend.ment, that he found that the loan was the inducement which caused the defendant to make the agreement, or to reduce it to writing. There was a controversy in the evidence upon that point, and the referee seems to have carefully avoided passing upon it. He manifestly did not accept the defendant’s statement of the facts, and must be understood as deciding that if the agreement moved the plaintiff to make .the loan, that was enough to render the contract usurious.
 

 A loan is not necessarily usurious by reason of its constituting part of an agreement between the parties, which they regard as mutually beneficial on its own merits, and to which the loan is merely incidental. A lender cannot, it is true, lawfully exact as the condition of making a loan or as compensation therefor, that the borrower shall enter into a contract securing even a contingent benefit to the lender beyond the legal rate of interest. But when, irrespective of the loan, both parties are desirous of entering into the contract, for their, mutual advantage, the mere fact
 
 that
 
 as part of the arrangement a loan is made by one to the other at the legal rate of interest, to enable him to perform his part, does not present a case of usury, though the loan would not have been made except as a part of the contract, or even though the contract would not have been made without the loan.
 

 Nothing is more common than sales of real estate accompanied by an agreement of the seller to advance money to the purchaser "to enable him to make improvements; yet in every such case the inducement to the lender to make the loan is the sale of his land, and the purchaser would not buy without securing the means of making the improvements.
 
 *195
 
 Nor can it be held usurious to enter into a contract with a manufacturer for the supply of an article at a fair price, and also to furnish him with capital, at the legal rate of interest, to enable him to run his factory or purchase materials. The question in all such cases is whether the contract is
 
 bona fide
 
 what it purports to be, or a mere cover for a usurious loan.
 

 The learned referee, in his able opinion, rests his decision wholly upon the ground, that although there was no intention to take usury, yet the loan not only furnished the consideration for the defendant’s promise to repay it with legal interest, but also, in legal effect, furnished the consideration for the defendant’s collateral contract, and, therefore, the plaintiff, for the loan of the money, obtained, in addition to the interest, a valid and valuable contract, in place of one which he knew to be invalid, and that this necessarily constitutes usury.
 

 I cannot agree to the soundness of this proposition. The mere fact that a loan of money on interest is the consideration for another contract, is not, in all cases, conclusive evidence of usury. If, by the collateral contract, some benefit is secured to the lender, for which the borrower does not receive an equivalent, and which the lender would not have obtained, except for the loan, and which is intended as additional compensation for the loan, it is usury. But, if provision is made for full compensation to the borrower for all he may do under the collateral contract, there is no usury. Usury consists of a corrupt agreement, whereby more than lawful interest is to be paid; and all shifts and dexdces which may be resorted to, for the purpose of covering up or concealing such an agreement, are ineffectual, if the intent to obtain more than legal interest for the use of the money can be discovered. And even a mistake of law will not protect the lender. (2 Cow., 678.) But, where no such intent exists, refined theories should not be resorted to, for the purpose of making out usury by construction.
 

 A loan of money may furnish a legal consideration for an agreement which is of no pecuniary value whatever to the lender, and no detriment to the borrower. In such a case, it
 
 *196
 
 would be going far beyond the intent of the statutes against usury, to forfeit the money loaned; and when the collateral contract provides full compensation to the borrower for all that he agrees to do, the case is equally free from the evil at which the statute is aimed.
 

 There are numerous cases of the loan or forbearance of money on interest in consideration of some collateral contract, where the transaction has been held not to be usurious. In
 
 Utica Insurance Company
 
 v.
 
 Caldwell
 
 (3 Wend., 296), money was loaned by an insurance company, on condition that the borrower should agree to insure with the company lending. This was held not usurious, on the ground that the insurance was to be made at the ordinary rates of premium; Savage, Ch. J., saying'that the borrower received an equivalent for his premiums, independent of the loan. The same point was decided in
 
 The New York Fire Insurance Company
 
 v.
 
 Donaldson
 
 (3 Edwards, 199). So when, as part of an agreement for forbearance, the borrower agreed to compromise a doubtful claim the lender had against him.
 
 (Brooklyn Bank
 
 v.
 
 Waring,
 
 2 Sandf. Ch., 1.) And where, in consideration of a loan to several parties, some of them guaranteed an old debt due by another of them to the lender
 
 (Dowdall
 
 v.
 
 Lenox,
 
 2 Edw. Ch., 267, 27o;
 
 Bullock
 
 v.
 
 Boyd,
 
 Hoff. Ch., 294, 299), the transactions were sustained, no corrupt intent being shown. Yet,‘in the last two cases, the loan furnished the consideration for the guaranty. And where, in consideration of a loan, the borrower undertook to pay the debt of a third party to the lender, this court sustained the contract. (
 
 Valentine
 
 v.
 
 Conner,
 
 40 N. Y., 248.) Also where a loan was made cm condition that the borrower should sell certain lands to the lender for cash, and the lands were not worth more than the price stipulated "
 
 (Fellows
 
 v.
 
 Am. Life Ins. and Tr. Co.,
 
 1 Sandf., Ch: 203), though the result would have been different had it appeared that the lands were agreed to be sold for less than their value. Where a loan was made upon condition that the borrower should buy of the lender the note of a third party, which afterward proved worthless, this court
 
 *197
 
 held that the contract was not usurious
 
 per se,
 
 though it would have been if the lender knew that the note was uncollectible.
 
 (Thomas
 
 v.
 
 Murray, 32 N. Y., 605,
 
 612.) In the numerous cases of agreements by factors, etc., to advance on goods which they are employed to sell, commissions being allowed on sales, and for accepting and paying bills, the test is not whether the agreement to advance was the consideration for the agreement to employ and pay commissions, but whether the commissions were intended
 
 dona fide,
 
 as a compensation for the services to be performed, and not as additional interest on the money.
 
 (Nourse
 
 v.
 
 Prime,
 
 7 Johns., Ch. 77;
 
 Suydam v. Bartle,
 
 10 Paige, 94 ;
 
 Suydam v. Westfall,
 
 4 Hill, 211;
 
 Seymour
 
 v.
 
 Marvin,
 
 11 Barb., 80.) In the two cases last cited the agreement to advance was on the express condition that the lender should have the selling of the goods of the borrower.
 

 It is claimed that the agreement to furnish the composition was unilateral, and beneficial only to plaintiff’s firm; that it was a mere option. That may admit of some question. But assuming that it did not bind the plaintiff’s firm to take any of the composition, the facts show that the motive of the defendant in giving the option was not to procure the loan, for he gave it before the loan was spoken of. He, doubtless, relied upon the merits of his article, and knew that if the plaintiff’s firm had the exclusive right to it, their own interest would lead them to adopt and use it, and thus enable him to dispose of it at a price which was admitted at the trial to be its full value. This is always the consideration which moves patentees in granting licenses, and was a matter which rested in the judgment of the defendant. He probably knew more of the article than the plaintiff’s firm did, and though they "were not willing to stipulate for any definite amount, yet the defendant evidently had sufficient confidence in the article to believe that if they learned its merits they would use it; and as it could only be procured of him, he being the patentee, he could calculate with tolerable safety upon supplying their factory. So, also, of the agreement,
 
 *198
 
 whereby he gave them the exclusive use of the composition in its application to pump barrels. The loan did not induce the defendant to make this stipulation. It was part of the verbal agreement made before the loan was spoken of. The motive may well have been, by extending this protection to the plaintiff’s firm, to induce them to manufacture more pump barrels than they otherwise would, and thus increase their consumption of the composition. Assuming that the verbal agreement was not binding, and that the writing alone was obligatory, yet the verbal agreement may be resorted to for the purpose of ascertaining the motives of the parties, and showing that the stipulations contained in the writing were not intended as compensation for the use of the money, but embodied an agreement which, aside from the loan, the parties designed to make. The claim that this right of exclusive use was a new provision of the contract, exacted as a condition of the loan, is expressly negatived by the findings of the. referee. He finds that with the exception of the clause acknowledging a consideration, the written agreement expresses the verbal agreement as made and understood by the defendant and plaintiff’s firm, and in addition to this, he finds that before the loan was applied for, it was verbally agreed between the defendant and plaintiff’s firm that they' should have the exclusive right to use the composition for the hardening of oil pump barrels or pipes. On the whole facts, I think it clear that this was not a usurious loan, but a loan made as incidental to a contract which both parties were desirous of making, and had verbally agreed upon, for their mutual advantage, without reference to any loan, and which provided to the defendant full compensation for all that he might do in pursuance of it, and that the interest reserved in the bond was all that the defendant directly or indirectly agreed or intended to pay, or the plaintiffs to receive, for the use of the money. That the indirect advantage which the plaintiff’s firm might "derive from the carrying out of the agreement, did not incapacitate the plaintiff from lending the money at seven per cent, to enable the defendant to per
 
 *199
 
 form it, the agreement having been made
 
 Iona fide
 
 on its own merits, and not for the purpose of obtaining the loan, or as a cover for usury. And that throwing aside the verbal agreement, except as affording evidence of the intentions of the parties, the case amounts simply to a contract by a patentee to furnish a patented article at its full value, one of the parties with whom he thus contracts agreeing to furnish him with money to enable him to carry on the business he had undertaken; and that such an agreement, if made
 
 bona fide,
 
 and not as a cover for a loan of money, is not usurious. The judgment should he reversed and a new trial ordered, with costs to abide the event.
 

 Chuech, Ch. J., Allen and Folgek, JJ., concur. G-boveb and Peckham, JJ., dissent.
 

 Judgment reversed.