Daniels, J.
The judgment was recovered for the amount of moneys loaned at different times by the plaintiff to the *474 defendant and interest thereon. The sum reported by the referee was $124,562.81. The defense made was that the loans were obtained under usurious agreements by which the defendant agreed to pay more than the legal rate of interest for the loan and forbearance of the money. The evidence given by himself and by the plaintiff Avas Avhat has been chiefly rehed upon to maintain the defense, as there Avas no substantial controversy concerning the loans themselves, or their amounts. But this evidence Avas considered by the referee to be insufficient to prove the existence of an agreement to pay more than seven per cent for. the loan and forbearance of the money. The plaintiff in his evidence Avas subjected to an extended examination concerning the transactions and payments received by him from the defendant, but he distinctly disclaimed the mating of - any usurious agreement. His evidence Avas that the defendant proposed to pay him an amount exceeding the legal rate of interest, but that he declined to enter into any agreement Avith him for that object. His testimony Avas that he declined the proposal made by the defendant to pay him more than the legal interest, and stated that he informed him that he “should look to him for only the legal rate of interest, six per cent, and he could do Avhatever he pleased beyond that.” He stated further that the defendant offered him a large rate of interest if he Avould loan him money, and proposed to pay him two and a half per cent a month. The plaintiff then added: “I finally said that I declined the loan in that Avay, declined to accept a proposition of that kind, but I would loan him money, and I did loan him money, individually.” “At the time he made the offer of íavo and a half per cent, a month I declined it.” * * * “At another intervieAv I said to Mr. Fish simply this; that I Avould make a claim for only six per cent, and Avhatever he pleased to give me beyond that he could do as he liked about it; that I Avould only hold him for six per cent.” * * * “There never Avas any agreement for more than six per cent.” During the progress of the business of making the loans and receiving the money certificates of deposit were transferred by the defendant to the plaintiff, which it was insisted were payments of an unlawful rate of interest. But the plaintiff testified that he did not receive them as payments of such interest, but received and credited them against the defendant’s indebtedness, without distinguishing whether they were for interest or principal. The evidence of the defendant also fails to prove any definite understanding or agreement under which he in terms obligated himself to pay more than the lawful interest for the use of the money. He stated in his evidence, “I could *475 afford to pay him, say two and a half per cent a month. He might receive two and a half per cent a month on the money he put in. He told me then that he would not make any contract for a loan of money in which the question of usury might arise. I don’t pretend to give the exact words that were stated, but in substance I suggested to him that he could take Grant & Ward’s notes on which I could pay him a pretty good rate of discount. He declined to take them on any terms.” * * * * “At this time when Bill said that he did not want to have anything to do with usury, after this I made a remark what he could get. That was previous to my taking the money. What I would expect to pay him, what I would expect he would get. I said I expected to pay him two and a half per cent a month. He said he would leave the matter to me entirely, but he would make no contract for the use of money above six per cent.”
But one construction can be given to this evidence, and that is, that the plaintiff declined to enter into any stipulation or accept any obligation whatever from the defendant for the payment of more than the legal rate of interest. Whether he should make him donations or gratuities was left entirely to his own option. No agreement or understanding that he should do so was in any manner imposed upon him, and no obligation or agreement was made under which the plaintiff could claim more than the lawful rate of interest.
To make a loan of money usurious there must be, within the very language of the statute, an agreement, either expressed or implied, to pay more than the legal rate of interest, such an agreement as might be enforced by the creditor if it were not unlawful under the prohibition of the statute. There was no such agreement between these parties. If the statute was entirely out of the way, the plaintiff could enforce against the defendant no obligation to pay more than six per cent for the loan and forbearance of the money. The loans, therefore, were not usurious within the authorities relating to this subject. Home Ins. Co. v. Dunham, 33 Hun., 415; Clark v. Sheehan, 47 N. Y., 188.
The certificates delivered to the plaintiff by the defendant were no doubt intended by him to be additional payments for the use of the money beyond the legal rate of interest, but they were not accepted as such. And if they had been, as no agreement existed obligating him to make such payments, they would not have invalidated the loans themselves or deprived the plaintiff of his legal right to recover the money by an action at law. What he would be obligated to do, and all that could be required from him, would be *476 to credit the amounts received upon the indebtedness of the defendant. Real Estate Trust Co. v. Keech, 7 Hun., 253; Matter of Consalas, 95 N. Y., 341.
That was done in the adjustment of the affairs of the parties by the referee, and it was all that the defendant could legally require in the case.
The judgment should be affirmed, with costs.
I concur, Brady, J.