## MERWIN v. ROBERTSON.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

USURY (§ 18*)—USURIOUS CONTRACT.

A contract by which plaintiff advances money to defendant to satisfy claims for payment of which she is pressed, plaintiff to be repaid the amount advanced, with interest, plus the amount of discount obtained by plaintiff on the claims by reason of cash payments, is usurious.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 31–34, 36–38, 40 ; Dec. Dig. § 18.*

For other definitions, see Words and Phrases, vol. 8, pp. 7246–7249.]

Jenks, P. J., and Thomas, J., dissenting.

Appeal from Trial Term, Kings County.

Action by George P. Merwin against Margaret Robertson. From a judgment dismissing the complaint on the merits, after a trial without a jury, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

J. Stewart Ross, of Brooklyn, for appellant.

Sarah Stephenson, of Brooklyn (Arthur Garfield Hays, of New York City, of counsel), for respondent.

HIRSCHBERG, J. The action is brought to foreclose a bond and mortgage on an apartment house belonging to the defendant, at 53–54 Ocean avenue, borough of Brooklyn. The mortgage is for $7,464.28, which had been reduced by payments at the time the action was commenced, leaving a balance of $3,850.79. At the close of the plaintiff's case a motion was made to dismiss on the merits, on the ground that the bond and mortgage were usurious. The appeal is from the judgment entered on the granting of the motion.

The plaintiff is a married woman, and appears to have acted in the transactions relating to the loans which constitute the basis of the deal-

ings,·and to the giving of the mortgage intended to secure such loans, solely through her brother, Frank A. Peavey the only witness in her behalf. Neither she nor the defendant took any personal part in the transactions; the defendant being represented by Effingham L. Holywell, her attorney at law, who occupied an office jointly with Peavey. The apartment house was in process of construction, and the defendant was indebted to certain of the contractors who were engaged in building it and who were pressing her for payment. The agreement was made that Peavey should advance from time to time such money as should be necessary to settle the claims of the contractors, with the understanding and agreement that, if he should procure such settlements in any instances at a discount, the defendant nevertheless would pay for the use of the money so advanced the entire amount of the claim of the creditor, including the discount, with interest at 6 per cent. In other words, assuming that the plaintiff is the real party in interest, the agreement made for her by her agent was in effect that she would lend the money necessary to settle the claims, in consideration of the defendant repaying to her the money so loaned, with lawful interest, together with whatever sum the creditor might be willing to deduct from his claim, with interest thereon also. The question of fact is undisputed, and the learned trial court has found that the agreement was made with the corrupt understanding constituting usury. The bond and mortgage were given to secure the entire advances made, as well as the discounts or bonuses, which were not advanced.

It is sought on behalf of the plaintiff to support the transaction on the ground that the plaintiff had purchased the claims against the defendant, and was therefore entitled to enforce them in full against her, whether secured by her mortgage or otherwise. No such transaction, however, ever took place. Each claim was canceled or released when it was settled, and no assignment of any of the claims was made to the plaintiff or to any one in her behalf. It is true, as stated in the dissenting opinion of the learned Presiding Justice, that there is nothing in the bond and mortgage, of themselves, indicating the usurious agreement; and it is equally true that, as the defendant owed her creditors all the money, no additional burden was imposed upon her by the agreement in question. The agreement is fairly stated in the dissenting opinion, as follows:

"It was agreed that the plaintiff should advance from time to time such money as would satisfy these claimants, with the understanding that she might retain any discount obtained from them upon cash payments."

I do not see how stronger language can be used to indicate usury; the corrupt understanding having been found by the court below as a fact. A party, having money, agrees to advance it from time to time for the use of another, with the understanding that she shall be repaid, not only the amount so advanced, with lawful interest, but also ·such other sums of money as might have been required in the transactions, but which circumstances rendered it unnecessary for her to advance. As I understand it, lawful interest is the limit of what a lender may receive for the use of his money, and the payment of more for such use is forbidden. By the terms of the agreement, that burden

was imposed on the defendant, of repaying to the plaintiff, with interest, more than the plaintiff had loaned.

It necessarily follows that the judgment should be affirmed.

CARR and WOODWARD, JJ., concur. JENKS, P. J., reads for reversal, with whom THOMAS, J., concurs.

JENKS, P. J. (dissenting). This action is for foreclosure of a mortgage upon premises of the defendant. The plaintiff appellant was dismissed at the close of her case, and judgment upon the merits was entered against her, on the ground that the bond and mortgage were usurious. The obligation was to secure payment to the plaintiff on demand of the sum of $7,467, with interest from a specified date, or so much thereof as should at the time of the demand have been advanced by the plaintiff. At the time of the execution of the obligation the defendant was building upon the premises, and was pressed for payment for labor and materials, with threats of legal actions and of the filing of mechanics' liens. It was agreed that the plaintiff should advance from time to time such money as would satisfy these claimants, with the understanding that she might retain any discount obtained from them upon cash payments. The learned Special Term decided that if the plaintiff had taken assignments of the claims, and the defendant had agreed to satisfy them by a bond and mortgage for the face of the claims, the transaction would have been prima facie lawful; but as the evidence showed that the plaintiff extinguished the various claims, and that the discounts received by the plaintiff upon such extinguishment were not advanced by the plaintiff to the defendant, the receipt of these discounts by the plaintiff to her own benefit constituted usury that voided the bond and mortgage.

It is not pretended that the obligation called for a usurious rate of interest, so that the question is whether the separate agreement as to the said discount was "a corrupt agreement whereby more than legal interest was to be paid." Clarke v. Sheehan, 47 N. Y. 188. It was not enough to show that the lender was "moved by considerations of collateral benefits to himself which may indirectly result from the transaction," but that they are "a burden imposed upon the borrower, and to which he submits as the means of obtaining the loan, and which are intended as a compensation to the lender beyond the legal rate of interest, for the use of the money." The Court, per Rapallo, J., in Clarke v. Sheehan, supra. There is no proof that indicates that the agreement as to these discounts was merely a device or scheme to conceal the exaction of usurious interest, for it is conceded that the urgent need of the defendant was relief from these very claims which were settled by the plaintiff. Doubtless the plaintiff indirectly profited by the transaction, but I think that it was not established that there was any burden imposed upon the defendant. She was liable upon the claims, they were discharged, and she but refunds the face value of the claims against her, with interest. In American and English Encyclopedia of Law (2d Ed.) vol. 29, the principle is expressed:

"Where the lender, as part of the consideration of the loan, assumes a debt of the borrower to a third person, the fact that the lender compromises the

debt assumed for less than its face value, and thereby secures more than legal interest, will not render the transaction usurious."

It was incumbent on the defendant to establish her defense of usury "by clear and satisfactory evidence," and to establish the facts that constituted it "with reasonable certainty," and that there was a usurious agreement between the respective parties. White v. Benjamin, 138 N. Y. 623, 33 N. E. 1037.

"A corrupt and usurious agreement will not be presumed from a fact which is equally consistent with a lawful purpose." Valentine v. Conner, 40 N. Y. at page 253, 100 Am. Dec. 476.

The evidence shows that a representative of the plaintiff talked with the defendant as to the possibility of his obtaining discounts from the claimants when he paid cash to satisfy their claims, and that he also informed the defendant when he had done so, and that she expressed her satisfaction. The evidence further shows that the said representative, at the request of the defendant, went to the premises once and sometimes twice a week to push the work, and that he rendered personal services in seeing these various claimants and securing a settlement of their claims. I think that the proof was not sufficiently clear to establish that the agreement for the discounts was merely a device to take usury. See Thurston v. Cornell, 38 N. Y. 281.

I think the judgment should be reversed, and a new trial be granted; costs to abide the final award of costs.

THOMAS, J., concurs.