Daniel E. Fitzpatrick, J.
In an action to foreclose a first mortgage on real property owned by the defendant Madalene T. Kerpel and for a deficiency judgment against the defendant and the defendant Julius Kerpel, her husband, plaintiff moves for summary judgment.
The other defendants have appeared in the action but have not answered the complaint and have offered no opposition to this motion.
On June 14, 1956, the plaintiff loaned the defendants the sum of $15,000 and the defendants executed their bond for that amount. The defendant Madalene T. Kerpel gave a first mort *857 gage on her aforesaid real property as security for the loan. At the same time defendant Julius Kerpel purchased a $15,000 life insurance policy from the plaintiff naming Madalene T. Kerpel as beneficiary. This policy was then assigned to the plaintiff as collateral security.
Under the terms of the bond the said defendants were to repay the amount of the loan with interest at 44/4% per annum in 192 successive monthly installments of $166.35 each. These installments included interest and amortization on the loan and the monthly life insurance premiums of $58.50. The bond further provided that in the event of default foi 30 days in the payment of any of the said installments of $166.35 (which included the premiums on the life insurance policy) the entire unpaid balance of the loan with interest would become due and payable at plaintiff’s option.
The defendants made payments up to and including April 1, 1962, but defaulted thereafter on all future payments. On May 1, 1962, the cash surrender value and the dividend additions of the life insurance policy amounted to $2,271.43. At that time defendant Julius Kerpel owed plaintiff $1,315.65 on account of policy loans made to him. The plaintiff subtracted this amount from the cash surrender value and credited Julius Kerpel with the amount of $955.78. It then applied this amount on paid-up extended term insurance on the life of Julius Kerpel to July 21, 1965, in the face amount of $13,794.35. On September 5, 1962, plaintiff declared the unpaid balance on the bond, totalling $10,763.64, due and payable, with interest thereon at 4%% per annum from April 1, 1962, to September 5, 1962, and at the rate of 6% thereafter.
The defendants contend that the purchase of the said insurance policy was a condition to obtaining the loan; that the monthly premium of $58.50 paid thereon was additional interest and that the whole transaction was, therefore, usurious; that the insurance policy was not taken out on the life of the owner of the property, Madalene T. Kerpel, but on the life of Julius Kerpel, her husband; that they never consented to the purchase of the paid-up term insurance and that it was merely a means by which plaintiff retained the surrender value of the policy as additional interest; that the purchase of the insurance policy was part of a single transaction and that the premiums in payment therefor were included in the terms of the bond and mortgage as additional interest and that all these factors are proof that the whole transaction was usurious.
The test to determine whether or not a transaction is usurious is well stated in Clarke v. Sheehan (47 N. Y. 188, 195): “If, *858 by the collateral contract, some benefit is secured to the lender, for which the borrower does not receive an equivalent, and which the lender would not have obtained, except for the loan, and which is intended as additional compensation for the loan, it is usury. But, if provision is made for full compensation to the borrower for all he may do under the collateral contract, there is no usury.”
The defendants’ mere assertions fail to raise any triable issue of fact. They offer no proof of any bad faith on the part of plaintiff and no proof that the premiums were either excessive or not at the ordinary rates.
The defendant Julius Kerpel received all the usual rights and benefits as the owner of the life insurance policy. He received dividends on the policy, obtained loans thereon, used part of said loans to pay the installments due on the bond, and in addition thereto was entitled to the cash surrender value of the policy. In the event of his death, the proceeds of the policy would have satisfied the obligation of both defendants under the bond, and defendant Madalene T. Kerpel would have owned her property free and clear of the first mortgage. In addition thereto she would have been entitled to the net amount remaining after payment of the obligation.
The defendants received full value for the premium payments made under the collateral contract, which was equivalent to the benefits received therefrom by the plaintiff. Even if the purchase of the collateral contract was a condition for the granting of the loan, it was independent of it and the premiums paid thereunder were not additional interest. (See Clarke v. Sheehan, supra, p. 196.)
Accordingly, plaintiff’s motion is granted.