■ LAWRENCE M. FARBER et al., Appellants, v REPUBLIC PENSION SERVICES, INC., TRUSTEE GROUP 47, et al., Respondents.—In an action, *inter alia,* for a judgment declaring a mortgage void for usury, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (McCabe, J.), dated August 3, 1988, which denied their motion for leave to amend their complaint, and (2) as limited by their brief, from so much of an order of the same court, entered November 30, 1988, as, in effect, denied their motion for summary judgment and to strike the answer of the defendants Norman H. Shohet and Republic Pension Services, Inc.

Ordered that the order dated August 3, 1988 is affirmed; and it is further,

Ordered that the order dated November 30, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs, Lawrence M. Farber and Marsha D. Farber, were given a mortgage by the defendant, Republic Pension

Services, Inc., Trustee Group Trust 47 (hereinafter Republic), by its president, Norman H. Shohet.

The court properly denied the Farbers' motion for leave to amend their complaint to allege that Shohet received a $5,000 payment for securing the mortgage from William Finger, a mortgage broker, which rendered the agreement usurious. Though a "motion [to amend the complaint] under CPLR 3025 (b) may be made 'at any time' * * * [i]t should * * * be made at the earliest possible moment to avoid the objection of laches. * * * If [the motion] shows lateness plus prejudice traceable to the lateness on the facts of the particular case, the amendment will be denied" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 476). At a deposition conducted on June 24, 1987, Finger stated that he gave Shohet $5,000 of the $11,000 commission he earned on the Farbers' mortgage. Six months later, Finger died. However, the Farbers' motion to amend the complaint was made no earlier than April 12, 1988, several months after Finger's death. Additionally, the defendants would be prejudiced if the complaint were amended, since their reason to depose Finger did not arise until after the latter's death.

A question of fact exists as to who, if anyone, was paid $750 to increase the value of the loan from $200,000 to $210,000. Such a payment could have constituted additional interest which might have rendered the mortgage usurious (see, General Obligations Law § 5-511).

Similarly, the Farbers' argument that they are entitled to summary judgment because Shohet, an agent of New England Mutual Life Insurance Company (hereinafter New England), received an $1,800 commission on their policies is without merit. The fact that a lender, as a condition precedent to making a loan, requires the borrower to take out a policy upon his own life or that of another does not constitute usury, at least where the policy is issued at the same rate and on the same conditions as policies issued to nonborrowers (see, Equitable Life Assur. Socy. v Kerpel, 38 Misc 2d 856; Durante Bros. & Sons v Flushing Natl. Bank, 652 F Supp 101). However, in this case, there is a dispute whether Shohet required the Farbers to take out a policy with New England. This question of fact is material because any commission received by Shohet as an insurance broker must be separate and apart from the interest paid pursuant to the mortgage agreement (see, Equitable Life Assur. Socy. v Kerpel, supra, at 857-858). Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.