■ In the Matter of the Estate of JOHN H. ROUSON, Deceased. RANDI PINCUS ALIOTTE, Respondent; TANIA EICOFF, Respondent;

JESSAMY ROUSON, Appellant; NEW YORK STATE DIVISION OF TAX-
ATION & FINANCE, Intervenor. [821 NYS2d 258]—

In a proceeding for an accounting of a decedent's estate, the objectant appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated June 16, 2004, which denied her motion, inter alia, for leave to join the claimant, Tania Eicoff, as a party to the proceeding, for leave to assert claims against the claimant, Tania Eicoff, as set forth in a proposed petition, and for leave to amend her objections to the final account filed by the executrix of the estate to include an objection that the executrix of the estate failed to investigate alleged misappropriations of cash by the claimant, Tania Eicoff, from the decedent and forgeries by the claimant, Tania Eicoff, of the decedent's signature on checks.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion which was for leave to join the claimant, Tania Eicoff, as a party to the proceeding and for leave to assert claims against the claimant, Tania Eicoff, as set forth in the proposed petition, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion which was for leave to amend the appellant's objections to the final account filed by the executrix of the estate to include objections that the executrix of the estate failed to investigate alleged misappropriations of cash by the claimant, Tania Eicoff, from the decedent and forgeries by the claimant, Tania Eicoff, of the decedent's signature on checks, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The record contains a stipulation signed by the attorneys for the objectant and the claimant, Tania Eicoff, respectively, joining Eicoff as a party in the instant accounting proceeding for all purposes "including but not limited to adjudication of the claims against [Eicoff]." Thus, the Surrogate's Court erred in denying that branch of the objectant's motion which was for leave to join Eicoff as a party to the instant accounting proceeding and for leave to assert claims against her as set forth in a proposed petition attached to the objectant's moving papers. Although such claims are not appropriately asserted in objections to an account (see SCPA 2211 [2]), there is nothing to prevent the parties from agreeing to request that the Surrogate determine such issues, as, in effect, they did by entering into the stipulation. Eicoff's contention that the objectant's proper recourse was to bring a discovery proceeding pursuant to SCPA 2103, rather than seek to assert claims directly against Eicoff in the instant accounting proceeding pursuant to SCPA 2208, is without merit, in view of the stipulation and because the Surrogate's Court has broad discretion to "make such order or decree as justice shall require" (SCPA 2211 [1]; see Matter of Schnare, 191 AD2d 859 [1993]; see also Matter of Kiejliches, 292 AD2d 530 [2002] [pursuant to SCPA 209 (4), the Surrogate has authority to "determine a decedent's interest in any property claimed to constitute a part of his (or her) gross estate, and to determine the rights of any persons claiming an interest therein"]). Eicoff's contention that the objectant waived the issue of standing is similarly without merit (cf. Matter of Stoller, 4 Misc 3d 538 [2004]).

Leave to amend the pleadings "shall be freely given" (CPLR 3025 [b]) unless the proposed amendment will prejudice or surprise the opposing party (see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755 [1983]; Ricca v Valenti, 24 AD3d 647 [2005]; Matter of Laflin, 111 AD2d 924 [1985]), or unless the proposed amendment is palpably insufficient or patently devoid of merit (see Unger v Leviton, 25 AD3d 689 [2006]; Bolanowski v Trustees of Columbia Univ. in City of N.Y., 21 AD3d 340 [2005]; Consolidated Payroll Servs., Inc. v Berk, 18 AD3d 415 [2005]). Mere lateness, unless coupled with prejudice, does not bar an amendment (see Arcuri v Ramos, 7 AD3d 741 [2004]; Nikac v Rukaj, 276 AD2d 537 [2000]).

The amended objections proposed by the objectant contain two new claims against the executrix pertaining to (1) her alleged failure to investigate alleged misappropriations of cash by Eicoff from the decedent, and forgeries by Eicoff of the decedent's signature on checks, and (2) her alleged criminal

complicity with Eicoff in misappropriating funds from the decedent's securities account. The Surrogate's Court erred in denying leave to amend the objections to include the former claim since the executrix made no showing that she would be prejudiced by that claim's late assertion or that the claim was palpably insufficient or lacking in merit.

With respect to the latter claim, the objectant submitted evidence supporting that claim only with her reply papers on the motion for leave to amend. Moreover, the executrix made an adequate showing that she would be prejudiced by the late assertion of that claim. Therefore, leave to assert the objectant's claim alleging criminal complicity by the executrix in her individual capacity was properly denied (*see Farber v Republic Pension Servs., Trustee Group 47,* 159 AD2d 677 [1990]).

Furthermore, contrary to the objectant's contention, the doctrine of the "law of the case" may not properly be applied with respect to the proposed objection asserting a claim against the executrix in her individual capacity. Nothing in the record indicates that at the time Surrogate Fusco of the Surrogate's Court, Richmond County, orally granted the objectant's initial motion to amend the objections, he had been made aware of the allegation that the executrix had been criminally complicit with Eicoff in defrauding the decedent. Therefore, the Surrogate's Court, Queens County, to which the case was subsequently transferred, was not barred by the "law of the case" doctrine from denying that branch of the motion which was for leave to amend the objections to assert the claim against the executrix individually.

There is no merit to the contention by both respondents that the objectant's motion papers were deficient in that she failed to submit an affidavit of merit (*see Gold Medal Packing v Rubin,* 6 AD3d 1084 [2004]; *English v Ski Windham Operating Corp.,* 263 AD2d 443 [1999]). Nor, as the respondents contend, should the motion for leave to amend have been denied on the ground that the proposed amended objections submitted were not verified as required under SCPA 303. The respondents waived any objection on that ground by failing timely to reject the pleading pursuant to CPLR 3022 (*see Matter of Garfinkle,* 119 AD2d 911 [1986]).

The respondents' remaining contentions are based on matter which is dehors the record (*see Young v Tseng,* 23 AD3d 552 [2005]) or improperly raised for the first time on appeal (*see Ali v Ahmad,* 24 AD3d 475 [2005]). Miller, J.P., Luciano, Lifson and Covello, JJ., concur.