By the Court,

Bronson, J.
Since these parties were before the court on a former occasion (6 Wend. 637), the declaration has been amended, by striking out the two special counts which it then contained, and inserting a count on the note, describing it as having been made for the sum of [433] $750. On the former trial, the special facts in relation to the making and endorsing of the paper did not appear. It was then regarded as a valid note against the maker for $2500, and as the payee had only transferred a part of the note, without showing that the residue had been satisfied, it w'as held that the legal relation of endorser and endorsees had not been created between the parties. It was said that it would be absurd to give the plaintiffs an action, as endorsees, against the defendant, when they could not maintain an action against Norton, the maker. It was agreed, however, that if only $750 was due on the note at the time of the transfer, the diffi-' culty in the way of a recovery by the plaintiffs would bo removed. That difficulty has now been removed.
*245 This was never a valid note for any thing more than $750. Although drawn for a larger amount, the defendant refused to endorse it for any thing beyond that sum. It was accommodation paper, and of no value whatever until it was negotiated at the bank. It was not an available security to anyone; indeed it had never been out of the hands of the maker until it was passed to the bank, and the maker or his firm, for whose benefit it was endorsed, received the avails. In legal effect, this was, I think, a note for $750, and no more; andas such, it was a valid security to the bank, one which could be enforced against the maker and all the other parties, in the same manner as though it had been originally drawn for that sum. If this be a just view of the question there can then be no doubt that the plaintiffs are entitled to maintain this action against the first endorser. It is not unusual, I believe, to discount accommodation paper for a less sum than the nominal amount; and I am not aware that the right of the holder to treat it as a valid security against all the parties, for the amount at which it was discounted,, has ever been questioned. I do not speak of a usurious discount, but of a transaction like the present one, where the note was received by the bank in the same manner as though it had been drawn for $750, and nothing more than the legal discount was charged upon that sum.
The view which has been taken of the principal question disposes of the objection on the ground of variance. The declaration sets out [434] the contract according to its legal effect.
The plaintiffs have not attempted to recover on any cause of action different from that set forth in the special count, and the objection that the plaintiffs -have departed from the order made by the court, is not well taken.
New trial denied.