## SHOOP *v.* CLARK.

September, 1864.

The question of usury is one of intention; and where a note is discounted for an amount which *prima facie* would indicate the taking of usury, this presumption may be rebutted by showing that it was agreed between the parties that no more than legal interest should be collected on the note.[*]

In suing on such a note, it is not a material variance to plead the note in the usual form adopted where the whole amount 'is sought to be recovered, and then to prove the special character of the discount, to repel the defense of usury.

Charles Shoop sued James, Joseph L. and Nathan Chappell, in the supreme court, on a promissory note. Pending the suit defendant James Chappell died, and George R. Clark and Martin S. Newton, his executors, were substituted in his place. The note was for two hundred and sixty-five dollars, payable two months from date, made by Joseph L. Chappell, and indorsed by James Chappell for the accommodation of their brother Nathan Chappell, who had indorsed it to James and Amos Ray, from whom it passed to the plaintiff.

The making and protest of the note were proved, and the defendants admitted due notice to the indorsers; and then, to avoid the note, proved that the Rays had given only two hundred and fifty dollars for it, and as fifteen dollars, the difference between that sum and the face of the note, was more than the interest on two hundred and fifty dollars for two months, they claimed that the note was void for usury.

To rebut this, the plaintiff was allowed to give evidence to show that the Rays had advanced the money to Nathan Chappell under the agreement that it was simply to be a voucher for two hundred and fifty dollars, to be used in making payments on a mortgage due from them to James Chappell, one of the indorsers on the note, and that the Rays never expected to recover more than two hundred and fifty dollars on the note. To this evidence the defendants objected on the ground

---

[*] Compare Bracket *v.* Barney, 28 *N. Y.* 333.

that it was a material variance from the complaint, in which the whole amount of the note was demanded.

The judge overruled the objection, and submitted the question to the jury as to whether or not there had been an agreement to take usury. To the admission of the evidence, and the submission of the question of usury to the jury, the defendant excepted. Judgment was given for plaintiff on a verdict for two hundred and fifty dollars.

*The supreme court*, before whom, on appeal from the judgment, the main objection urged was that of variance, held that it was not necessary for plaintiff to plead the facts relating to the discount (citing Douglass v. Wilkeson, 6 *Wend.* 637; 17 *Id.* 431) ; and that there was no error in admission of evidence.

Defendants appealed.

*George F. Danforth*, for defendants, appellants;—Cited 5 *Seld.* 572; .6 *Bosw.* 328; *Bull. N. P.* 298; 1 *Gale & D.* 237; 6 *Jurist*, 389; White v. Stillman, 25 *N. Y.* 542; Douglass v. Wilkeson, 6 *Wend.* 637; Sackett v. Spencer, 29 *Barb.* 186; Andrews v. Chadbourn, 19 *Id.* 147; Bristol v. R. R., 9 *Id.* 158; Field v. Mayor, &c., 6 *N. Y.* (2 *Seld.*) 117; Livingston v. Tanner, 13 *Barb.* 481; Mann v. Morewood, 5 *Sandf.* 557; Kelsey v. Western, 2 *N. Y.* 500; Catlin v. Harsen, 1 *Duer*, 309; Fagan v. Davison, 2 *Id.* 143, 158; Texier v. Gouin, 5 *Id.* 389; Moore v. McKibben, 33 *Barb.* 246; Wood v. Whiting, 21 *Id.* 198; Swift v. Kingsley, 24 *Id.* 543; Steamer v. Tapple, 5 *Duer*, 303.

*John C. Strong*, for plaintiff, respondent.

DENIO, Ch. J.—It is essential to the defense of usury that there should have been a corrupt agreement between the parties to the loan, that the lender should have secured to him a greater rate of interest than that allowed by the statute. It is not of course necessary that such an agreement should be expressed in terms. If such is the effect of the transaction into which the parties enter, it is a usurious contract. If N. L. Chappell, in the case before us, had negotiated the note, on

which the action is · brought, to the Rays for an amount less than its amount with legal interest, without anything to qualify the transaction, the difference between the money payable by its terms, and the sum advanced by the purchaser, would have been a usurious premium, because there would have been nothing else to which the excess could have been referred. But if Chappell, having the note in his possession, with authority to negotiate it in a lawful way, had negotiated for a sum less than its amount, taking from the lenders an explicit agreement that they were not to hold it or claim, or collect, by means of it, a larger amount than that which they had advanced with lawful interest, there would have been no usury in the transaction, for the reason that there would have been no corrupt agreement. It is quite usual for notes and mortgages to be drawn, dated and executed preparatory to a loan, and providing for the payment of interest from their date, and afterward made operative, by delivery and the advancing of the amount of the principal sum mentioned in them. In such cases an amount would, *prima facie*, be secured to the lender greater than the sum loaned and the legal interest, and the securities would be liable to the charge of usury; but if it could be shown that such was not the intention, but, on the contrary, that it had been expressly agreed between the parties, that interest should be payable only from the time the money was advanced, the defense of usury would be repelled. It very frequently happens that notes and bills prepared for the purpose of being discounted, are made for a larger amount then the bank or other party which is expected to be the lender is willing to advance. If, in such case, it be agreed that only a part of the amount should be lent and that the paper should be negotiated for the security of that amount only, the transaction is not usurious. The convenience and safety of the parties would no doubt be promoted by a written statement annexed to the paper setting forth the actual state of the facts; and this is understood to be a very usual method in such cases. But whether the evidence exists in such an authentic form, or is otherwise satisfactorily established, it is equally effectual to rebut the allegation of usury. In whichever way the fact is established, when satisfactorily shown, it equally disproves the

existence of a corrupt agreement between the lender and the borrower. It is surely unnecessary to refer to authorities to establish so plain a proposition. Several such are recited in the case of Condit *v.* Baldwin, 21 *N. Y.* 219; and the principle is asserted or conceded both in the principal and dissenting opinions. The doctrine of the necessity of an actual corrupt agreement in order to predicate the vice of usury was there carried to an extent to which all the judges could not agree But the general proposition that usury could be repelled by showing the absence of such a contract met the assent of all the members of the court.

I do not understand the counsel for the defendant to maintain the opposite of what has thus far been stated. His position is that if a note could be negotiated for a less amount than the sum stated in it, the arrangement would be a substituted agreement, and would require to be stated specially in the complaint. The complaint in this case takes no notice of the circumstance that the paper was held for less than the amount expressed in it, but is in the usual form adopted when the whole amount is sought to be recovered; and hence it is argued that the plaintiff ought not to have been permitted to answer the allegation of usury by proof of the special circumstances of the case; that in the absence of such proof the evidence of usury would be complete; and that upon such evidence being given, the plaintiff's case was fatally variant from the one stated in the complaint. These objections are not in my opinion sound, though it may be admitted that they are specious. The note on its face contains no feature of which usury could be predicated. That was attempted to be made out by the parol evidence. There is nothing respecting interest, whether lawful or excessive, in it. The defendants made out by parol a *prima facie* case of usury; but this was subject to be met and disproved by the same species of evidence. As to the alleged variance, I do not think the case could have presented any difficulty under the former more strict system of pleading. The contract set up in the complaint, and the one established by the evidence, are identical. It is a promissory note, having a certain person as maker and certain others as indorsers, which was counted upon and which was proved by

the evidence. Simply there was a circumstance brought out on the trial which showed that the plaintiff was not entitled to recover the whole sum of two hundred and sixty-five dollars, but only two hundred and fifty dollars and the interest. Except on the question of usury, it would have been for the interest of the defendants, and it would have been their right, to have themselves proved that circumstance, to reduce the recovery. It would not have established that the plaintiff was not the holder of the note, but only that he held it under such circumstances that he could not recover the whole amount, but only so much as had been advanced when the note was first negotiated. But the defense of usury being set up, and supported by *prima facie* evidence, it became the interest of the plaintiff to show the peculiarity in the case, namely, the partial want of the consideration advanced upon its negotiation, in order to repel the assumption of usury. When this was once shown, it had the double effect of establishing that there was no usury in the contract, and that the note could not be lawfully enforced for an amount beyond that which was advanced, and the interest. The giving of that evidence did not have the effect to substitute a parol contract for the written one contained in the note, but to establish a partial defense to the written contract.

The case of Douglass *v.* Wilkeson, 6 *Wend.* 637, on which some reliance is placed, cannot aid the defendants. The payee of a note for two thousand five hundred dollars indorsed on the back of it over his signature these words, " Mr. Olcott, pay on within seven hundred and fifty dollars," and obtained that amount of money from the bank of which Mr. Olcott was the cashier. The plaintiff appears to have been indorsee of the bank. The question was whether the writing was a legal indorsement and transfer of the note, and it was held that it was not. This was partly on the ground that an entire contract could not be divided. It was shown, moreover, by authority, that a bill could not be indorsed for a part only of its contents, *unless the residue had been extinguished.* The indorsement in the case before us was in the usual blank form, and did not purport to divide or split up the note, and transferred the whole note. The balance of the note beyond the

amount advanced by the Rays was effectually extinguished. The general indorsement transferring, as it did, the whole contract, there was nothing remaining in the payee.

The case of Douglass v. Wilkeson came up again after the declaration had been amended by setting out the note as one made for seven hundred and fifty dollars, and indorsed by the defendant, the payee, to the plaintiff. The facts were that the defendant, who indorsed for accommodation, had declined to indorse for the whole twenty-five hundred dollars, and therefore indorsed specially as has been mentioned and it was discounted for the seven hundred and fifty dollars. The plaintiff was permitted to recover that amount upon that state of facts, and the recovery was sustained by the supreme court and the court for the correction of errors. 17 Wend. 431; 22 Id. 559. A remark of Mr. Justice BRONSON, in the course of the opinion of the supreme court, recognizes very distinctly the correctness of the view which I have taken of the present case. He says : " It is not unusual, I believe, to discount accommodation paper for a less sum than the nominal amount; and I am not aware that the right of a holder to treat it as a valid security against all the parties for the amount at which it was discounted, has ever been questioned. I do not speak of a usurious discount, but of a transaction like the present one, where the note was received by the bank in the same manner as though it had been drawn for seven hundred and fifty dollars, and nothing more than the legal discount was charged upon that sum."

The testimony of James Ray, though it was to some extent disputed by N. L. Chappell, was sufficient to take the case to the jury. He said positively that the understanding was not that the Rays were to hold the note for the whole amount, so as to realize the fifteen dollars difference, but only for the amount which he and the other Ray advanced.

I am satisfied that the supreme court was right, and that the appeal was without substantial merits, and am for affirming the judgment appealed from.

HOGEBOOM, J. [After stating the facts.]—I think the charge was correct, and was unexceptionable in point of law. There were also sufficient facts in the testimony of James Ray to

justify its being submitted to the jury in that aspect of the case.

The defendant, it is true, objected that the note was for a *larger amount*, and that the plaintiff claimed to recover the whole, but that is not precisely the objection of variance. If it was, the judge would have had a right, I think, to conform the pleadings to the facts proved, to disregard the variance, and to treat the pleadings as amended. That was a matter of discretion, and if he had in terms exercised such ·a power, I think its correction would have been beyond our reach.

It was still a note for two hundred and sixty-five dollars on its face, which Ray discounted, and it remained so, though the whole amount was not discounted upon it. It was *that note* which Ray discounted. When he received it there was not so much due upon it, and he discounted it for the lesser sum. The plaintiff erred in the amount he claimed to be due, but that is not material.

The judgment should be affirmed.

All the judges present concurred.

Judgment affirmed, with costs.