ELIZA DAVIS, Respondent, *v.* BERTHA KOEHLER MYERS, as Executrix, etc., of HERMANN KOEHLER, Deceased, Appellant.

*Usury — deposit of money for investment at excessive interest — letter of the wife of the receiver of the deposit as evidence thereof — costs against an executrix.*

The deposit of money with another person, upon his statement that he could so invest it for the depositor that it would produce ten per cent per annum, does not necessarily present a case of the loan or forbearance of a sum of money at a rate of interest greater than the legal rate.

In an action brought by a depositor of money against the legal representative of one Hermann Koehler, who received it from the depositor, promising to so invest it for the depositor that it would produce ten per cent per annum, it was shown that Koehler kept a book in which there was an account acknowledging the receipt of the money, and showing the payment of interest upon it up to the time of his death. It further appeared that about the time of the deposit Mrs. Koehler wrote a letter to the depositor, stating, in substance, that her husband would receive and invest the money upon the terms stated.

*Held,* that the letter was competent evidence to show that Koehler received the money upon the terms stated, and that it was sufficiently connected with him;

That the defendant could not be allowed as a payment upon the principal, the interest paid in excess of six per cent;

That as the action was brought to recover the principal and interest at ten per cent, and as a demand to that extent was made upon her and refused, and as after demand and refusal the claim became one for a breach of contract with liquidated damages, drawing only legal interest, the executrix was justified in contesting the claim;

That as she had succeeded upon the trial to the extent of limiting the interest due after the demand to six per cent, she had not unreasonably neglected to pay the claim, and, therefore, should not be charged with costs.

APPEAL by the defendant, Bertha Koehler Myers, executrix of the last will and testament of Hermann Koehler, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of January, 1895, upon the verdict of a jury rendered after a trial at the

New York Circuit, with notice of an intention to bring up for review upon such appeal an order made on the 9th day of January, 1895, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes, and also an order made on the 18th day of January, 1895, allowing the plaintiff costs and an extra allowance.

Upon the trial of the action the plaintiff testified that her money was in New York savings banks; that some of the money in question was drawn from that source; that about the time she made the first draft she received from Mrs. Koehler, the wife of Hermann, the following letter:

"N. Y., *June* 21, '81.

" MRS. LUISE DAVIES:

" I have stated to Mr. Koehler about your money and he said that he would invested for you so that it will bring 10 % per cent, and that you could have it at any time by giving 30 days notice; should you wish to see me in regard to it, please call before Wenesday, as I am about to leave for the country; your dresse I shall buy as soonest possible.

" Yours truly,

" MRS. H. KOEHLER."

*E. J. Myers,* for the appellant.

*Geo. Putnam Smith,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover from the defendant, as executrix of Hermann Koehler, deceased, the sum of $4,000, with dividends thereon, from the 1st of January, 1894, at the rate of ten per cent per annum. The evidence in this case showed that prior to June, 1881, the plaintiff had saved $4,000 and had deposited it in different savings banks in the city of New York; and that on the twenty-third of June she gave the money to Hermann Koehler upon the representation by said Koehler that he could invest it for her and it would bring ten per cent, and that she could have it at any time by giving thirty days' notice. Subsequent to that time, and down to his death in April, 1889, the said Koehler paid to the plaintiff the sum of $400 per annum, and after his death the defendant continued such payments until the 1st of January, 1894. The defendant then having refused to pay the claim of the plaintiff, this

action was brought; and the case being submitted to the jury they rendered a verdict in favor of the plaintiff, and the court granted costs and allowances; and from the judgment thereupon entered, and from an order denying a motion for a new trial, and also from an order granting such costs and allowances, this appeal is taken.

It is urged upon the part of the defendant that the transaction between the plaintiff and Koehler was only a loan or forbearance of a sum of money due with interest reserved at the rate of ten per cent per annum, and, therefore, usurious and void. We think this question was properly submitted to the jury. There is no suggestion to the effect that usurious interest was to be paid, but the representation seems to have been that this money could be so invested by Koehler that it would earn ten per cent per annum for the plaintiff; and it was on this representation that the plaintiff delivered the money to Koehler, and there was nothing to show but what the plaintiff believed this to have been the nature of the transaction. There seems, therefore, to have been no reason for interfering with the finding of the jury upon this subject.

It is claimed that it was error to admit the letter of Mrs. Koehler, the defendant, without connecting it with the defendant's testator by proof of authority or ratification. It seems to us that the record in this case contains ample evidence of ratification if not of authority. The plaintiff produced a book, the entries in which, except a few of the later ones, were made by Mr. Koehler himself. It is headed as follows: "Herrman Koehler in acct. with Miss Eliza Davis." In this book he acknowledges to have received between the 23d of June, 1881, and the 10th of October, 1883, the sum of $4,000, and he pays her from that time down to his death ten per cent upon that amount, which clearly connects the letter of Mrs. Koehler to the plaintiff with the transaction. It shows that Hermann Koehler received the money upon the terms stated in the letter. This seems to be ample evidence of ratification.

It is further urged that the court erred in not allowing as payment on account of the principal, the excessive interest paid above the lawful rate. It seems to be a sufficient answer to this proposition that as long as Mr. Koehler lived the plaintiff was under the impression that her money was invested and was yielding the amount of income which Koehler paid to her. He had possession of that

money under those circumstances, and it will not lie in his mouth to say that his statements in regard to the investment of the money were false, and, therefore, that he should be credited with the excess over legal interest. The same principle will apply to his executrix. She kept possession of the money, and paid the ten per cent to the plaintiff, leaving the latter to suppose that her money was still invested and yielding this income; and she cannot now be heard to say, as against this plaintiff, that her representation made by these payments, was false. If she has made excessive payments and has thereby rendered herself liable as executrix of the estate, she must settle it with her *cestuis que trust.* After having induced the plaintiff to leave the money with her under such a contract, she cannot now be heard to say that her representations of income were untrue.

It is further urged that the executrix was justified as matter of law in refusing to pay the claim made by the plaintiff. The action was brought to recover $4,000, with dividends at the rate of ten per cent. The recovery was for $4,000, with interest at six per cent. It seems to us that the executrix would not have been justified in paying the claim as presented; because after a demand had been made for the money, and a refusal to pay, there was simply a breach of contract with liquidated damages, which drew legal interest and nothing more. The claim being made for ten per cent, it became the duty of the executrix to defend; and she having partially succeeded, it is difficult to see how it could be said that she has unreasonably neglected to pay.

The question in regard to the presentation of the claim within the statutory time does not seem to be of any moment, because, by reason of the payments which the executrix made on account of the money alleged to have been invested, there was a recognition of the claim which, until some question was raised, made it unnecessary for the plaintiff to take any steps as against the estate.

We think the judgment should be modified by striking therefrom the costs and allowances, and as modified affirmed, without costs.

Follett and O'Brien, JJ., concurred.

Judgment modified by striking therefrom the costs and allowances, and as modified affirmed, without costs.