Harold Baer, J.
This action is to recover the sum of $5,000 with interest from the date of the demand for the return of that sum. The parties entered into a written agreement prepared by the defendant on October 30, 1961 whereby plaintiffs deposited with defendant $3,000 for the purpose of investing same. Defendant guaranteed the return of the money upon three months’ written notice. On January 2, 1963 plaintiffs gave defendant an additional $2,000 upon the same terms and similar written agreement. The defense is that the agreements were usurious.
The agreement is set forth in full:
‘ ‘ I, the above, have this date received from Mr. Leib Leibovici and Regina Leibovici, residing at 187 Pinehurst Avenue, New York, N. Y., the amount of $3,000.00 (three thousand dollars) for the purpose of investing the same in the Real Estate Field, Apartment Houses, Office Buildings, Mortgages, Real Estate improvements, etc. Said money is guaranteed by me personally, and shall be returned by me upon three months written notice. In case of my departure this money is to be paid out of the belongings of mine or my corporations.
“ This agreement is drawn according to, and with the full understanding of the ‘ better isske ’, which forbids the acceptance or the payment of interest. This is definitely not interest, rather it is a profit sharing arrangement. However, upon payment of 10% to the investor, I shall be free of any further obligation whatsoever towards the investor, and all the profit over that will be considered mine.
“ The above money is jointly owned by Leib Leibovici and Regina Leibovici, and may be withdrawn by either one of them separately, as per above terms.
*143 “ The money is joint ownership, and will go to either survivor in case of survivorship. Thereafter, the money will go to their son Abraham Raphael.
“ Agreed, approved and signed by all parties concerned:”
The plaintiff Leib Leibovici testified that the money was “ an investment in real estate ’ ’. He did not know exactly what real estate or. whether it was to be invested by the defendant personally or by one of the corporations in which defendant was interested. He also testified that he received some payments from defendant or Nahdiv Realty Corp. but did not know how much. He needed the money in 1966 and sent a written demand (plaintiffs’ Exhibit 4) but never received the return of the $5,000.
Plaintiff contends that the agreement unambiguously shows the intent to treat the transaction as an investment; that the 10% return is not interest but the maximum return on an investment; and, besides, it does not guarantee, this return or require any per annum return.
Defendant contends that the reference to “ Hetter Isske ” is a clear indication of subterfuge to avoid the taint of usury. Defendant admitted that plaintiff gave him the money to invest; that the money was invested in an apartment house that was lost through foreclosure. He contended that the ledger sheets of the corporate owner of the apartment house show the payment of $500 a year to the plaintiffs; but the ledger sheets do not bear out such contention as they cover only a partial period of the transaction (1965-1966). Further, defendant did not produce proof of any payments to plaintiffs during the period 1961 through 1964. There are no ledger sheets, cancelled checks or other evidence of payments. He ‘ ‘ could not find ’ ’ the “Hetter Isske” agreement. The defendant relies on his own testimony that there was 10% interest to be paid to the plaintiffs even though the agreements and plaintiffs’ testimony make no mention of interest (except for mention in plaintiffs’ Exhibit 4) but that this money was an investment limited to a return of 10%. The defendant did not guarantee or obligate himself to pay 10%. He only limited plaintiffs’ return to 10%, all additional profits to belong to the defendant. However, he did guarantee the return of principal on notice and demand. He insisted on a “ Hetter Isske ” agreement so that there would be no taint of usury, or interest in any amount. He invested the money, he testified, in Nahdiv Realty Corp., which owned an apartment house, and which corporation made most of the “interest” payments. Defendant used this circuitous method *144 to make an investment for the plaintiffs and himself. His answers were evasive and he failed to document his contentions. On credibility, he left much to be desired.
The agreement mentions ‘1 Better Isske”. Neither party could produce the ‘1 Better Isske ’ ’ agreement but both acknowledge that such agreement was entered into. In fact, defendant wrote to plaintiffs in July 1963, stating, “ even though our agreement is distinctly based on ‘ Better Isske ’, a profit sharing arrangement, I notice that a formal ‘ Better Isske ’ has not been signed between us. ’ ’
‘ ‘ Kindly sign the enclosed ‘ Better Isske ’ and mail it to me, so that we are both covered according to our religion.”
1 ‘ Better Isske ” or “ heter ’iska ’ ’ was a device developed in the 12th to 14th centuries to overcome the Biblical prohibition against charging interest by one Jew to another (Lev. 25, 36-38; Deut. 23, 19-20). It was patterned upon an agreement of partnership or joint venture. The “ lender ” would supply the money and the 1 ‘ borrower ’ ’ or working partner had complete freedom to use the capital, and he guaranteed the investment against loss. He also guaranteed a minimum return (Horowitz, Spirit of Jewish Law, § 265, p. 492). This is substantially the form of agreement between the parties here except that there is no minimum return guaranteed, rather a maximum return to the “ lender ”.
While the ‘ ‘ Better Isske ’ ’ agreement is not a part of the record, it is referred to in the agreements in evidence and in a later letter. The court is not bound by these references but they are helpful in arriving at the intention of the parties when these agreements were entered into. Intent to overcharge is an essential and necessary element of usury (Hennessey v. Personal Finance Co. of N. Y., 176 Misc. 201; Condit v. Baldwin, 21 N. Y. 219; Rosenstein v. Fox, 150 N. Y. 354; Bullock v. Becker, 52 Misc 2d 698, affd. 27 A D 2d 647; Cohen v. Beaudry, 100 N. Y. S. 2d 519; Hinman v. Brundage, 13 N. Y. 43. 2d 363). The intent may be gleaned from the instrument or the action of the parties. It is not necessary that the usurious agreement be expressed in specific terms if the effect of the transaction is a usurious contract (Shoop v. Clark, 4 Abb. Ct. App. 235; 1 Keyes 181; Quackenbos v. Sayer, 62 N. Y. 344). However, there is nothing in these contracts that spells usury or illegality per se. Parol evidence was admitted ostensibly to show the usurious intent (Grushkin v. Feinberg, 161 Misc. 657; Solomon v. Van De Maele, 21 A D 2d 396; Von Haus v. Soule, 146 App. Div. 731) but there was no such acceptable credible evidence. To pay a part of profits in lieu of interest with no guarantee *145 of profits is not usury (Mueller v. Brennan, 68 N. Y. S. 2d 517; Clift v. Barrow, 108 N. Y. 187, 192-194). For a lender to receive no interest but a share of profits which may or may not exceed the legal rate is not usury (Johnston v. Ferris, 14 Daly 302; 12 N. Y. St. Rep. 666; Davis v. Myers, 86 Hun 236; 32 N. Y. Jur., Interest and Usury, § 41).
It has been held that an investment in property in the nature of a joint venture is not converted info a loan of money, and therefore usurious, by the fact that one party guarantees the other against loss on the capital advanced by him and that his profits shall amount to a certain sum (Orvis v. Curtiss, 157 N. Y. 657, 661, 662).
The burden was on this defendant, not only to establish a usurious intent but to prove the facts from which the intent is to be deduced (Valentine v. Conner, 40 N. Y. 248; Rosenstein v. Fox, supra; Margulis v. Messinger, 34 Misc 2d 699; Leavitt v. De Launy, 4 N. Y. 363). This the defendant failed to do by a fair preponderance of the credible evidence. This defendant promoted the investment and drew the contracts. The defense of usury is not available to the one “ who promotes the advances for the purpose of employing the money in the business venture and who dictates the terms of repayment ’ ’ (Salter v. Havivi, 30 Misc 2d 251, 254; Orvis v. Curtiss, supra). The presumption is against taking of usury. A usurious agreement will not be presumed from facts equally consistent with a lawful purpose (Grannis v. Stevens, 216 N. Y. 583; White v. Benjamin, 138 N. Y. 623). It is only by twisting the facts that this transaction can be converted to the usurious agreement contended for by defendant. This should not and will not be done (Valentine v. Conner, supra; Cameron v. Fraser, 48 Misc. 8; Meaker v. Fiero, 145 N. Y. 165, 169,170; also, General Business Law, §§ 371 and 373, which were in effect prior to September, 1964, when the transactions at issue were consummated; now General Obligations Law, §§ 5-501, 5-511).
Judgment for plaintiffs for $5,000 with interest from August 16, 1966.