ELIJAH VALENTINE, Appellant, *v.* WILLIAM C. CONNER, JAMES CONNER and JAMES M. CONNER, Respondents.

The fact, that upon a loan of money, the lenders exact, as a condition of their making the loan, that the borrower should secure to them the payment of a subsisting and genuine debt due them, from a third person, does not, *per se*, render the loan usurious.

*Thomas* v. *Murray* (32 *N. Y.*, 605), followed.

It will be presumed in this court, in support of the decision of a referee, that he found such facts, in addition to those specified in the findings appearing in the case, as are essential to sustain his conclusion, *provided*, upon examining the evidence, it appear that it would warrant such additional findings.

(The cause was argued January 16th, 1869, and decided March 22d, 1869.)

APPEAL by the plaintiff from an order of the General Term of the Supreme Court in the second judicial district, granting a new trial and reversing judgment for the plaintiff.

The object of the action was to obtain the cancellation of certain notes, made by the plaintiff and delivered to the defendants, and of a chattel mortgage given to secure their payment, and also to recover the value of the property sold under the power in the mortgage, the proceeds of which had been applied to the satisfaction of the notes. Both claims were based on the allegation that the notes and mortgage were usurious.

The issues in the action were tried by a referee; and he, after hearing the allegations and proofs of the parties, found the following facts:

1st. That on and before the 18th day of April, 1859, the

plaintiff was the owner and in possession of divers articles of personal property, consisting of a steam engine, divers printing presses, types and machinery, tools and apparatus for carrying on the business of job printing, in the city of New York, which said articles were, on that day, of the worth and value of $8,500.

2d. That on or about the day aforesaid, the said plaintiff was largely indebted to divers persons, and, among others, in the sum of $545.11 to the said defendants.

3d. That for the purpose of discharging this indebtedness, the plaintiff applied to the defendants for the loan of $3,184.41. That the defendants consented to loan the sum of $3,184.41 to the plaintiff, by making their notes for divers small sums, amounting in the aggregate, to said sum of $3,184.41, payable to the order of the plaintiff, at different periods, from two to six months; provided the said plaintiff would secure the re-payment thereof, by notes for corresponding amounts, made by himself, payable respectively, one or two days prior to the maturity of the said notes so to be made by the defendants; which notes, so to be made by the defendants, should be immediately discounted, and the said sum of $3,184.41 should be immediately obtained thereon by the plaintiff; and upon the further condition, that the plaintiff would, in consideration of such loan, undertake to pay to the defendants the sum of $483.02, claimed by them to be due from one Henry Jones to them, which said last mentioned claim consisted of the following items, to wit:

| | | |
|---|---:|---:|
| A judgment in the Marine Court against said Jones, in favor of said defendants for........................... | $410 | 62 |
| Interest thereon................................. | 32 | 40 |
| Referee's fees in supplementary proceedings upon said judgment ................................ | 15 | 00 |
| Counsel fee on said reference..................... | 15 | 00 |
| Sheriff's fees on sale of Jones' interest, April 8th, 1858........................................ | 10 | 00 |
| | $483 | 02 |

And then and there would make his promissory note for said amount of $483.02, payable to the order of the said defendants, and would secure the whole amount, to wit: the sum of $545.11, so then due and owing from the plaintiff to the defendants; the said sum of $3,184.41, so proposed to be loaned, and the sum of $483.02 so claimed to be due and owing to the defendants from Jones, being the aggregate amount of $4,212.54, by a mortgage upon the property herein before referred to, which said mortgage should be conditioned for the payment of said sum of $4,212.54 on demand.

That the plaintiff, thereupon, acceded to these terms and made his several notes, amounting in all to the said sum of $4,212.54, and executed the said mortgage upon the property aforesaid, in all respects, as proposed by the defendants, and delivered the same, with the notes, to the defendants, and received from them their notes, amounting in the aggregate to the said sum of $3,184.41; which notes were thereupon indorsed by plaintiff and discounted for the benefit of, and the proceeds thereof, to wit: the sum of $3,184.41 paid over to the plaintiff.

4th. That afterwards, and on the 18th day of August, 1859, the defendants, under and in virtue of the said mortgage, took possession of a power press, part of the property so mortgaged, of the value of $1,700, and converted the same to their own use, and afterwards, in the month of February, 1860, the defendants, under and in virtue of the mortgage, took possession of the remainder of the property so mortgaged, and converted the same to their own use.

5th. That the last mentioned property, so taken by the defendants, was worth, at the time of the taking thereof by them, the sum of $6,800.

6th. That the interest on the said sum of $1,700, the value of the press so first taken, and the interest on the sum of $6,800, the value of the residue of the said property, at the respective times of the taking thereof, less the sum of $545.11, due to the defendants from the plaintiff, to the time of said findings, amounted to the sum of $1,561.02; and that the

plaintiff was entitled to that sum, as interest upon the value of property, so taken from him, less $114.37, being the interest on said $545.11 due the defendants.

Upon those facts, he found the following findings as conclusions of law :

7th. He found, as a matter of law, that said loan of money and said notes given therefor, and the said mortgage were usurious and void.

8th. He found, as a matter of law, that the plaintiff was entitled to recover of the defendants the value of the property so taken and converted by them, the defendants, less the said sum of $545.11, so, as aforesaid, due. to the defendants from the plaintiff.

9th. He found, as a matter of law, that the plaintiff was entitled to recover of the defendants the sum of $7,954.89 for the value of said property, less as aforesaid, and the sum of $1,446.65, as the interest thereon, from the times of the conversion thereof to the date of his report, making together the sum of $9,401.54, and that the several notes above mentioned, made by the plaintiff, be delivered up and canceled, with the costs of this action.

Judgment was entered in accordance with this decision of the referee.

Several exceptions were taken by the defendants to such findings, and among others, to that by which the referee found, as " a matter of law, that said loan of money and said notes given therefor, and the said mortgage were usurious and void," and that he " ought to have found the whole transaction legal, the mortgage good ;" and, upon an appeal taken by them to the General Term, the judgment was reversed and a new trial ordered.

The plaintiff appealed from the judgment of reversal and said order to this court, and in his notice of appeal, assented that if said order was affirmed, judgment absolute might be entered against him.

*I. T. Williams*, for appellant.

*S. T. Freeman* and *John K. Porter*, for respondents.

Lott, J. "Assuming that the notes of the defendants were given to the plaintiff and accepted by him as a loan of money, the transaction, as found by the referee, cannot be considered usurious. He has fully set forth the facts on which he found, " as a matter of law, that said loan of money and said notes given therefor, and the said mortgage were usurious and void." They are substantially that the defendants, on an application to them by the plaintiff, for a loan of money to discharge an indebtedness by him to divers persons, including a debt to themselves, consented to lend the money wanted, among other terms, " upon the further condition, that the said plaintiff would, in consideration of such loan, undertake to pay to the said defendants the sum of $483.02 claimed by the said defendants to be due from Henry Jones to them, the said defendants," the particulars of which claim were set forth, " and then and there make his promissory note for said amount " and secure the same, with the notes to be given for the amount of the said indebtedness, by the said mortgage, that the plaintiff acceded to the said terms and made the notes and executed the mortgage which he seeks to cancel. He does not find as a fact, or set forth any circumstances warranting or tending to warrant the conclusion, that the debt of Jones was not due, or that the assumption of it was demanded or insisted on in any way, as interest for the loan, or with the intention of taking usury, or as a shift or device to cover it. The fact, and the only fact on which, " as a matter of law," he decides the loan to be usurious and void, is, that the defendants refused to make the loan asked by the plaintiff, unless the payment of the Jones debt was assumed by him and secured by the mortgage. Such a refusal did not, *per se*, make the transaction usurious, and that fact being, as before stated, the only one found, no other will be presumed to sustain a conclusion that the agreement was corrupt and void. It must be considered the settled rule of law in this State, that the *onus* is upon the party seeking to avoid an agreement as usurious, not merely to establish a usurious intent, but to prove the facts, from which that intent is to be

deduced. (*Thomas* v. *Murray*, 32 New York. Rep., p. 605, and cases cited at p. 612).

A corrupt and usurious agreement will not be presumed from a fact, which is equally consistent with a lawful purpose, (*Booth* v. *Sweezy*, 4 Selden Rep., p. 280, &c.) "Where the conclusion of law drawn from the facts by the referee is erroneous, the judgment cannot be sustained, and it must appear that the facts found justify the judgment where there is an exception taken to the conclusion of law, which the referee has drawn from the facts." (*Smith* v. *Devlin*, 23 N. Y. Rep., p. 362.)

In the case under consideration, the General Term of the Supreme Court, on review of the findings of the referee, reversed his decision and ordered a new trial. That court, on such review, were not restricted to the facts found, but were authorized to examine the testimony, and reverse on the ground that it did not sustain those *facts*. They, however, did not reverse the judgment for that reason; but, agreeing with the referee in his findings of fact, yet aided by the light of the circumstances, under which the assumption and security of the Jones debt was made a condition of the loan, they came to the conclusion, that such condition did not make the transaction usurious, and reversed the judgment on that ground.

The facts, on which the referee based his conclusion that the loan, and the securities therefor were usurious, did not *per se*, as before stated, constitute usury; and while those facts, as found, must be assumed by this court to have been warranted by the evidence, it may nevertheless be proper that such evidence should be referred to, as explanatory of the finding and for the purpose of properly construing its meaning and effect. By such reference it appears that the indebtedness of Jones to the defendants had arisen on the purchase by him, from them, of some of the identical property mortgaged, and that they claimed to be entitled to satisfaction of such indebtedness out of that property, and it, or a portion thereof, had, in fact, at that time, been sold under an execu-

tion, issued on a judgment recovered for that debt, and purchased by the defendants, notwithstanding the transfer thereof by Jones to the plaintiff, and the defendants had declared their intention to enforce such claim, and were actually prosecuting proceedings for that purpose. Those facts are sufficient to relieve the transaction from the taint of usury.

Assuming these views to be correct, the judgment entered on the referee's decision, was properly reversed, and the judgment of reversal and the order granting a new trial, must be affirmed, with costs, and, under the plaintiff's stipulation judgment final must be entered for the defendants, with costs.

GROVER, J. The facts found by the referee show that the plaintiff acquired the equitable title, at least, to the demands due from Jones to Conner. The referee did not find that Jones was insolvent, or that the debt, for any reason, could not be collected. The further finding of the referee, that the respondents made it a condition of the loan to the appellant, that he should secure to them its payment, and that the appellant, to procure the loan, did secure such payment to the Conners, did not warrant the legal conclusion that the loan was usurious. (*Thomas* v. *Murray*, 32 N. Y., 605 and cases cited.) It follows that the judgment ordered by the referee was not sustained by the facts found. The order of the General Term, reversing the judgment, fails to show that it was based upon any question of fact. The Code provides that, in such cases, it shall be assumed by this court to have been made upon questions of law only. Were we to look only at the facts found by the referee, the only conclusion to be drawn, would be, that the judgment was rightly reversed; but it has been repeatedly held by this court, that it will be presumed, in support of the judgment of the referee, that he found such facts in addition to those specified in his report, as essential to sustain the judgment, provided there was evidence given to warrant the finding of such additional facts. The case shows that there was evidence given tending to show the insolvency of Jones, and, in accordance with the above rule,

it must be assumed that the referee found that fact. The case further shows that Jones had, about six months before the loan, sold and transferred a large amount of personal property to the plaintiff, including the property sold by defendants to Jones, from which the debt against him arose, under circumstances rendering it doubtful at least, whether such sale was not fraudulent against the creditors of Jones. It was further proved, that the defendants had prosecuted their debt, against Jones, to judgment, upon which they had caused an execution to be issued and levied upon a portion of the property transferred by Jones to the plaintiffs, and the same to be sold, and had bid in the property upon such sale, and claimed to hold the same under the purchase. The evidence would not have sustained a finding, that the defendants did not believe that they could hold this property, but on the contrary required a finding that they supposed they could hold it. If they could hold this property, there was no pretense but that it was ample for the payment of the debt against Jones. This property was, at the time of the loan, in the possession of the plaintiff, and the defendants' claim thereto effectually discharged by the transaction. Under this state of facts, usury could not be predicated upon the fact that defendants required the plaintiff to secure the payment of the Jones debt. (*Thomas* v. *Murray, supra.*) Including the expenses of the supplemental proceedings against Jones with the debt was not usurious; Jones was liable for such expenses, and they could be satisfied from the property equally with the judgment. The order appealed from must be affirmed, and judgment final given against the plaintiff.

MASON, J. (dissenting.) The order of the General Term, reversing the judgment of the referee, in this case, should be reversed and the judgment of the referee affirmed. This action was brought to recover the value of certain personal property, taken by the defendant from the plaintiff, upon a chattel mortgage, executed by the defendant to the plaintiff, which mortgage, the plaintiff alleges, was usurious and, con

sequently, the taking of the property upon a void mortgage was unlawful. The referee, before whom the cause was tried, found the mortgage to be usurious, and gave judgment for the plaintiff for the value of the property. The defendant appealed to the General Term, when the judgment of the referee was reversed, and a new trial granted; and from this order of the General Term, granting a new trial, the plaintiff has appealed to this court. As the order of reversal and granting a new trial does not state, that the same was reversed on questions of fact, it must, for the purpose of review here, be deemed to have been reversed, purely upon a question of law. The 272d section of the Code, as amended by chapter 459 of the Laws of 1860, declares that, "If the judgment be reversed, at the General Term, and a new trial ordered, it shall not be deemed to have been reversed on questions of fact, unless so stated in the judgment of reversal; and in that case, the question, whether the judgment should have been reversed, either upon questions of fact or law, shall be open to review in the Court of Appeals. The result of this amendment of section 272, by the act of 1860, is that, where the judgment of the referee is reversed at the General Term, and a new trial granted, and the order of reversal shows it to have been reversed upon questions of fact, it is the duty of this court to examine the facts of the case, as well as the law, and to decide whether the judgment should have been reversed by the General Term, upon the facts. (*Peterson* v. *Rawson*, 34 N. Y. R., 270; *Beebe* v. *Mead*, 33 N. Y. R., 5, 87.) While, on the other hand, if the order of the General Term fails to show that the judgment was reversed upon questions of fact, it must be assumed to have been reversed upon questions of law alone. (*Baldwin, exrs.*, v. *Van Dusen*, 37 N. Y, R., 487.) And, in the latter case, nothing but questions of the law can be reviewed in this court. We have nothing in this case for review, but the law of the case, arising upon the exceptions taken upon the trial, and to the report of the referee, on his final decision of the case. We cannot look into the opinion of the learned justice in the

Supreme Court, in this case, to see that he went into the evidence and brought out facts, upon which he based his judgment, and which are not to be found in the findings of the referee. This, the 272d section of the Code, as this court has repeatedly held, does not allow us to do. It is claimed and insisted by the respondents' counsel, that the facts, found by the referee, did not justify his conclusions of law, that this transaction was an usurious one. He does not, it is true, state in his findings of fact, that he finds the mortgage usurious. He finds certain facts, and then, in his conclusions of law, finds the mortgage usurious. In his finding of facts, there is one very important element in the case, appearing in the undisputed evidence, entirely omitted, that is, the insolvency of Jones, and this fact, that the defendant had been proceeding against him upon supplementary proceedings, and had failed to collect his judgment. This was quite essential to have been stated in the findings of fact; and if it is to be entirely ignored here, on this appeal, it is certainly questionable, whether the conclusion of usury can be safely drawn from the other evidence in the case. The referee, however, had the whole evidence before him, and, upon the whole evidence, found the question of usury against the defendant. The question, therefore, is presented, whether this court, for the purpose of sustaining the judgment of the referee, can look beyond the law findings of the referee, or whether they will presume that facts were found justifying the finding. This is not an open question in this court.

The mere omission to make a statement of all the facts, which may be considered by this court, as necessary or material to authorize the judgment, affords no ground for a reversal of the judgment. The presumption, in law, is, that the judge did find all the facts necessary to sustain his conclusion of law, although they are omitted to be stated in the settlement of the case. This was expressly decided in this court, in the case of *Smith* v. *Coe* (29 N. Y. R., 666), and it is expressly held, that the appeal alone does not bring up the question, whether all the material facts necessary to sustain the legal

conclusion are contained in the findings of the judge or referee. (*Smith* v. *Coe*, 29 N. Y. R., 666.) The presumption is, that the judge found all the facts, which are necessary to sustain his conclusion, whether that conclusion is to be regarded, as one of fact or law. (29 N. Y. R., 670.) The only exception to the rule above stated is, where there is no evidence in the case, upon which any fact could have been found to justify the legal conclusion and the judgment. (29 N. Y. R., 670.) The case of *Viele* v. *The Troy and Boston R. R. Company* (20 N. Y. R., 184), also sustains the views above expressed.

If we look into the evidence in this case, we shall find abundant evidence, in my judgment, to sustain the judgment of the referee. The plaintiff was in depressed and embarrassed circumstances, and the assuming of this worthless debt, which the defendant held against Jones, and putting the same into this chattel mortgage, was imposed upon the plaintiff, as a condition of the loan, as the referee finds, and as the evidence fully justifies, and the transaction might well have been found usurious, when the lender required the borrower to take this worthless debt against Jones. Such a transaction is presumptively usurious. (2 Cowp. R., 395; 43 Barb. R., 157; 19 Johns. R., 296; 7 Paige R., 559; 34 Barb. R., 157; 2 Peters' U. S. R., 537). But we are not to review the merits of the case, but only to see, if there was any evidence, upon which the conclusion of this referee might be predicated. It follows from the views above expressed, that the judgment of the General Term, reversing the judgment of the referee, cannot be sustained upon the ground, upon which that court placed their judgment. It only remains to consider, whether the referee erred, in excluding the evidence offered in the question put to the witness, Casper Childs. That question was, as follows: "*Was Mr. Bell then still acting as agent for Valentine?*" This question was objected to, as leading, and incompetent, and the objection sustained. The case does not show upon what ground it was excluded.

It may have been excluded upon the ground it was lead-

ing, so no error was committed. The most simple test of the rule, in determining whether a question is leading, settles the matter against the respondent. The answer, yes or no, would have furnished a complete answer to the question, and would have been the natural answer to the question. I am not able to perceive, however, the materiality of the evidence. Whether material or not, the question was properly excluded, as leading; and as this distinct ground was taken, the defendants' counsel should have framed this question anew, so as to obviate the objection, and cannot now complain that he has been deprived of this evidence. When a usurious loan has been made, and a chattel mortgage or a transfer of valid securities or other property has been made over to the lender, as security for the payment of the loan, the whole is void, and an action lies, at once, to recover the securities or the property. (*Schroeppel* v. *Corning*, 2 Seld. R., 107; 10 Barb. R., 576; 2 Peters' U. S. R., 37.) The case of *Smith* v. *Marvin* (27 N. Y. R., 137), decides nothing to the contrary of this. These views lead to the reversal of the judgment of the General Term, and affirmance of the judgment of the referee.

WOODRUFF, MURRAY, and DANIELS, JJ., concurred with GROVER and LOTT, JJ., for affirmance.

HUNT, Ch. J., and JAMES, J., with MASON, J., for reversal.

The order of the General Term affirmed, and judgment absolute ordered for the defendants for costs.