CARRINGTON BROS., INC., Appellant, *v.* MARTHA E. GADSBY, Respondent, Impleaded with ESKAY HOLDING CORPORATION, Defendant.

Second Department, December 19, 1932.

*Benjamin Bag,* for the appellant.

*Samuel B. Roachford,* for the respondent.

PER CURIAM. The plaintiff brings this action for foreclosure. The answer of defendant Gadsby sets up that there was an agreement on her part to give a mortgage of $3,500, and the plaintiff was to pay and discharge certain other mortgages, and pay tax liens in a sum which did not amount to the face of the mortgage; and that the balance left over was never paid to her. It is difficult to ascertain from the answer whether defendant is setting up a defense of usury or demanding an accounting for the sum unpaid. Perhaps, inconsistently, she is demanding both.

On the trial, proof was lacking as to a definite exaction of a usurious sum and that this defendant agreed to pay the same in consideration of the loan; and, therefore, usury was not established as a matter of fact or of law. (*Morton* v. *Thurber,* 85 N. Y. 550; *Rosenstein* v. *Fox,* 150 id. 354.)

It appears that after paying the sums necessary to discharge the earlier mortgages, paying tax liens and the expenses necessarily incurred, the plaintiff had in its hands $750 out of the amount of the $3,500 mortgage. The respondent admits that she received in cash $150. The officers of the appellant testified that the whole amount was paid to her in cash. The nature of the testimony and

the circumstances led the learned trial court to give no credit to this evidence and to find that $600 was still unpaid, and that it was a usurious exaction. However, proof is still lacking concerning the agreement on usury. Were it not for this doubtful testimony, we would find that the plaintiff was still owing respondent $600, and would credit that amount on the mortgage on the theory that the sum had been legitimately withheld by agreement to pay interest on a prior mortgage and accumulating tax liens. But this testimony of payment creates a suspicion that there was some illegal agreement, not demonstrated by evidence in the record, but which may be supplied on a new trial.

The judgment should be reversed on the law and the facts, and a new trial granted, costs to abide the event.

LAZANSKY, P. J., YOUNG, HAGARTY, TOMPKINS and DAVIS, JJ., concur.

Judgment dismissing complaint reversed on the law and the facts and a new trial granted, costs to abide the event. Finding of fact numbered fourth, in so far as it relates to the taking by plaintiff of a bonus for its own use and in addition to six per cent per annum interest, is reversed and the conclusions of law are disapproved.