ISAAC S. HELLER, Appellant, *v.* LOUIS YAEGER, Respondent.

Argued March 11, 1940; decided April 23, 1940.

*Frederick Evan Crane* and *Christian S. Lorentzen* for appellant. The complaint alleged the making and delivery of the note for $5,000 and that it was unpaid and due and owing with six per cent interest. These allegations were not denied by the answer and must be taken as true for the purposes of the action. Even if defendant did prove usury, as charged in the answer, it does not avoid the effect of the admission of the allegations of the complaint. (Civ. Prac. Act, § 243; *Fleischmann* v. *Stern*, 90 N. Y. 110; *Dunham* v. *Cudlipp*, 94 N. Y. 129; *Horan* v. *Hastorf*, 223 N. Y. 490; *Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363; *Wood* v. *Glens Falls Automobile Co.*, 174 App. Div. 830.) The Appellate Division should not have reversed and made new findings of fact. (*Boyd* v. *Boyd*, 252 N. Y. 422; *Vatner* v. *Mackey*, 250 App. Div. 383; *Peck Distributing Corp.* v. *Kellogg Sales Co.*, 250 App. Div. 738.) The transaction involved in giving the release and making the loan was open and above board and bears none of the earmarks of usury. The release was given voluntarily to close up prior transactions, without which the plaintiff refused to consider making the loan. The facts found do not sustain the judgment declaring the loan usurious. (*Brooklyn Bank* v. *Waring*, 2 Sand. F. Ch. 1; *Thomas* v. *Murray*, 32 N. Y. 605; *Valentine* v. *Connor*, 40 N. Y. 248; *Clarke* v. *Sheehan*, 47 N. Y. 188; *Halsey* v. *Winant*, 258 N. Y. 512; *Rodgers* v. *Rodgers*, 235 N. Y. 408; *Seymour* v. *Minturn*, 17 Johns. 169; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 178; *Brown* v. *Robinson*, 224 N. Y. 301.)

*William H. Yaeger* for respondent. The judgment of the Appellate Division is amply supported by the evidence. (*York Mortgage Corp.* v. *Clotar Construction Corp.*, 254 N. Y. 128.) The trial court's decision resulted in a judg-

ment on the merits. (Civ. Prac. Act, § 305; *Berdell* v. *Berdell*, 86 N. Y. 519; *Schupp & Sons, Inc.*, v. *Barnett*, 210 App. Div. 546; *Cudlip* v. *New York Evening Journal Pub. Co.*, 180 N. Y. 85; *Bliven* v. *Robinson*, 152 N. Y. 333; *Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221; *Deeley* v. *Heintz*, 169 N. Y. 129.)

*Per Curiam.* Plaintiff sued upon a promissory note whose making was admitted by defendant. The latter pleaded usury as a defense and counterclaimed for an affirmative judgment decreeing the return of the collateral held by plaintiff to secure the note.

Plaintiff put the note in evidence and rested. Defendant introduced evidence tending to prove that in addition to the note, which bore six per cent interest, plaintiff insisted that, before making the loan and as part consideration for the loan, defendant execute a general release to cover an agreement between the parties whereby plaintiff was under an obligation to pay to defendant, who acted as an investment counsel, ten per cent of any profits realized under this agreement from the sale of certain stocks and bonds purchased upon the advice of defendant. In this connection the trial court found that the parties had entered into a profit-sharing agreement.

At the end of the defendant's affirmative case counsel for defendant said: " The defendant rests."

Whereupon counsel for plaintiff said: " I move to dismiss the counterclaim on the ground the defendant has failed to prove facts sufficient to constitute a counterclaim."

" The Court: I don't see any evidence of any counterclaim."

Counsel for the defendant then made an extended argument, at the conclusion of which he said: " That is the basis of my contention, and if your Honor considers that, I think your Honor will deny the motion at this time.

" The Court: Motion to dismiss the counterclaim is granted; exception to the defendant.

" Mr. Raphael [counsel for plaintiff]: I now move for judgment in favor of the plaintiff.

" The Court: Is there any rebuttal testimony?

" Mr. Raphael: I thought your Honor granted the motion.

" The Court: I granted the motion to dismiss the counterclaim. I am now asking you if there is any rebuttal testimony.

" Mr. Raphael: No rebuttal testimony.

" The Court: Then say so.

" Mr. Raphael: The plaintiff rests.

" The Court: Make your motion.

" Mr. Raphael: I move for judgment in favor of the plaintiff for the relief demanded in the complaint.

" The Court: Motion granted with an exception to the defendant. The Court finds that as a matter of law no usury under Section 370 of the General Business Law or as indicated in Section 371 of the same statute, has been established by creditable proof. * * * "

This record, therefore, shows that the court, having dismissed the counterclaim at the close of the affirmative case, reiterated that dismissal not only by express language, but thereafter limited the plaintiff expressly to rebuttal testimony as distinguished from testimony which plaintiff might have tendered to the affirmative case of defendant upon the counterclaim.

The court thereafter signed findings submitted by plaintiff which permitted him to collect the loan and expressly dismissed the counterclaim on the merits. The Appellate Division reversed the judgment as against the weight of the evidence, reversed the findings of the trial court and, upon new findings, gave judgment to defendant upon his defense and counterclaim.

From the foregoing it is uncertain whether the trial court dismissed the counterclaim and directed judgment for the plaintiff on the complaint as a matter of law and intended his findings as a statement of the undisputed facts, or whether the plaintiff waived the determination in his favor on the law and elected to treat the determination as one in his favor on the facts.

Upon this state of the record the Appellate Division should not have given judgment for the defendant, but should have ordered a new trial.

It follows that the judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., and LOUGHRAN, J., dissent and vote to reverse the judgment of the Appellate Division and to reinstate the judgment of the Special Term on the ground that as a matter of law there was no usury in this case.

Judgments reversed, etc.