Carl E. Moore, Appellant, *v.* Plaza Commercial Corp., Respondent.

First Department, November 17, 1959.

*Julius Helfand* of counsel (*Stanley C. Lesser* with him on the brief; *Helfand & Lesser,* attorneys), for appellant.

*Cecil A. Citron* of counsel (*Sherman & Citron,* attorneys), for respondent.

STEVENS, J. This is an appeal from an order of Special Term which denied plaintiff's motion for summary judgment.

The plaintiff, assignee of a borrower, brought action against the defendant lender to recover pledged collateral on the grounds that the underlying loan was usurious. In the alternative, he seeks to recover money damages for the difference between the amount received by the lender on the sale of the collateral and the amount of the debt.

September 26, 1958 King, the borrower, executed a standard form promissory note for $10,000 with 6% interest per annum. The note was payable on demand and further stated "Subject to conditions in attached letter". The annexed letter dated September 26, 1958 was addressed to and accepted by the defendant. It states as follows:

I have attached a Collateral Note, wherein this letter is referred to and which evidences a loan of $10,000 for 120 days, in connection with which loan the attached 25,000 shares of Consolidated Cuban Petroleum Corporation have been put up as collateral.

It is agreed between the parties that the borrower has the full and complete right on the due date to repay the loan plus the 6% stated interest, and reclaim the 25,000 shares collateral subject only to the following condition:

Should the market price of the stock exceed $1.00 per share at any time during the 120 days or at the due date, then the parties agree that the stock shall be sold and that the profit therefrom, after deducting the full amount of the loan and interest, above the agreed price of ⅝ shall be divided equally between the parties, with ½ of said profits being for the account of the lender, and the other half for the account of the borrower.

January 15, 1959, King assigned to the plaintiff his interest in the agreement and collateral security. On January 27, 1959, plaintiff paid to the defendant the sum of $1,000 on account. On February 26 and February 27, 1959 the collateral was sold

at $1 per share and the defendant received $23,239.51, no part of which has been returned to the borrower or his assignee.

It is clear that the letter agreement provides that in the event the collateral were sold for more than $1 per share the parties would divide the profits evenly. Where a borrower surrenders contingent rights to profits in addition to a promise to pay principal and lawful interest, the transaction is usurious. (*Diehl* v. *Becker,* 227 N. Y. 318; *Heller* v. *Yaeger,* 258 App. Div. 139, revd. on other grounds 283 N. Y. 19; General Business Law, § 370.)

The respondent urges that section 379 of the General Business Law exempts this loan from the general usury statutes. Section 379 of the General Business Law provides: " In any case hereafter in which advances of money, repayable on demand, to an amount not less than five thousand dollars, are made upon * * * negotiable instruments pledged as collateral security for such repayment, it shall be lawful to receive or to contract to receive and collect, as compensation for making such advances, any sum to be agreed upon in writing, by the parties to such transaction." The respondent argues that the transaction in issue fully complies with all the conditions of section 379 or, at least, there is only a triable issue of fact as to whether the promissory note was payable on demand. With this we disagree.

The note is a single page printed form with the words " on demand " typewritten on the document. It specifically refers to the attached letter which modifies the terms of the instrument. The letter, containing the acceptance of the defendant, unequivocally states "I have attached a Collateral Note * * * which evidences a loan of $10,000 for 120 days ". It further adds " Should the market price of the stock exceed $1.00 per share at any time during the 120 days or at the due date ", and " that the borrower has the full and complete right on the due date to repay the loan " and reclaim the collateral. Clearly the intention of the parties found in the more deliberate and detailed modifications of the letter take precedence over the bare statements in the *pro forma* promissory note. It is also significant that the actions of the respondent are consistent with the statements made in the letter. For the collateral was not sold until 120 days had elapsed from the time the note was executed. The intention of the parties is clear and unambiguous. The instrument was not a demand note but one for a fixed period of time. Accordingly there is no triable issue of fact.

The respondent further argues that it was given specific authority from the borrower and from his assignee to sell the

collateral pursuant to the terms of the agreement after the due date and therefore this must defeat a conversion action. It further argues that there was no breach of contract as alleged in the second cause of action and it states a willingness to refund that part of the collateral, after deducting principal and interest and one half of the profits from the sale of the stock, to the defendant.

There is sufficient in the pleadings to sustain an action to recover the proceeds of the sale of the collateral on the grounds of usury whether or not it be in conversion.

The plaintiff, as the assignee of the borrower, may only recover in an action in usury that portion of the collateral after first deducting the sum advanced on the loan and lawful interest thereon. (*Wheelock* v. *Lee,* 64 N. Y. 242; *Halsey* v. *Winant,* 258 N. Y. 512.) For the law confines the privilege of attacking a usurious agreement without paying the amount of the loan with legal interest to the actual borrower. It is a personal privilege and not designed to permit an assignee who is not a party to the usurious transaction to avoid a just indebtedness. Hence, he must tender the principal of the debt and legal interest thereon as a condition for relief. This the plaintiff has offered to do.

Accordingly, the order should be reversed on the law and the motion for summary judgment granted to the extent and as heretofore indicated, with costs to the appellant.

BREITEL, J. P., VALENTE, McNALLY and BASTOW, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion for summary judgment granted, with $10 costs, to the extent indicated in opinion by STEVENS, J.

Settle order.