CLIFFORD KING et al., Respondents, v. AMERICAN HOME SALES CORP., Appellant, et al., Defendant.—

In our opinion, the plaintiffs failed to establish usury. The alleged claim of a 10% usurious bonus effected by a blanket charge for closing fees was not shown by clear and convincing proof. Plaintiffs did not contest the reasonableness of any of the cumulated charges, and unsupported proof of overcharge was not in and by itself evidence of usury (*Jefferson Tit. & Mtge. Corp.* v. *Dempsey*, 153 Misc. 32, 35–36, affd. 242 App. Div. 626, mod. on other grounds 266 N. Y. 190). If the amount of such expenses was exaggerated or misrepresented, such misconduct, while it may have been a fraud and may have given rise to an action therefor, did not constitute usury (*Morton* v. *Thurber*, 85 N. Y. 550, 556; *Guggenheimer* v. *Geiszler*, 81 N. Y. 293, 296). The claim of usury must fail where the evidence leaves lacking proof " as to a definite exaction of a usurious sum " (*Carrington Bros.* v. *Gadsby*, 237 App. Div. 195). The plaintiffs' attempt to establish an additional " 30% bonus " was dispelled by proof, elicited by them, that in the business of mortgage financing, interest rates such as those involved here, namely, 6% per annum on five year mortgages, were denominated a 30% charge. Hence, the mere use of such verbiage does not prove the unlawful exaction of interest. In our opinion, upon all the proof adduced, there was here present the common situation where the builder and the buyers were merely disputing over the final price and credit terms to be extended to the buyers. Under such circumstances, even though purchase money mortgages in amounts higher than originally contemplated did not eventuate, there was no usury merely because such mortgages resulted from the fact that the builder demanded and exacted a higher total price by reason either of increased cost of construction or the buyers' failure to pay the full price in cash (*Butts* v. *Samuel*, 5 A D 2d 1008; *Del Rubio* v. *Duchesne*, 284 App. Div. 89; *Black* v. *Bederson*, 10 A D 2d 631; *Bennis* v. *Thomas*, 14 A D 2d 895). Moreover, here it also appears that the bonds and mortgages were intended to be security given in satisfaction of unliquidated amounts due (cf. *Thurston* v. *Cornell*, 38 N. Y. 281, 285–286). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.