■ IRA STITZ et al., Appellants, v MILTON STEVENS et al., Respondents. —In an action on a series of promissory notes, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, dated November 14, 1978, which, after a nonjury trial, *inter alia,* dismissed the complaint. Judgment reversed, on the law and the facts, with costs, judgment is granted to plaintiffs and the action is remitted to Special Term for entry of an appropriate judgment. On April 5, 1974 plaintiffs sold to defendants all of their stock in two businesses owned by them. In exchange they received $20,000 in cash and four promissory notes worth an aggregate amount of $43,300. The stock certificates transferred to defendant Milton Stevens were deposited with a representative of plaintiffs, to be held in escrow as security for the payment of the notes, which bore an annual interest rate of 6%. After a default on the first two notes due, the parties entered into a new agreement on Janaury 28, 1976. Defendants issued a new series of promissory notes and agreed to pay 9% interest annually, or ½% greater than the rate permissible for a forbearance agreement. Defendants again defaulted and this action was commenced to collect on the notes. Defendants now claim that the notes sued upon are usurious and are therefore unenforceable. We do not agree. The transaction here is one in the nature of plaintiffs accepting a purchase-money mortgage in exchange for their businesses. The 1976 restructuring of the sale of the businesses cannot be viewed in isolation, but, rather, must be viewed as a continuation of the initial sale. As such, it was part and parcel of the sale of a business and no forebearance is involved here (see *Mandelino v Fribourg,* 23 NY2d 145). The parties clearly intended to engage in the sale of businesses and the transaction was not utilized as a means of disguising a usurious loan. " 'Viewed as a whole, and fairly, the transaction seems to have been nothing more than a method of agreeing upon a higher purchase price for the land to be sold than that provided for in the first contract' " (see *Solomon v Van De Maele,* 21 AD2d

396, 401, citing *Frank v Davis,* 6 NY Supp 144, affd 127 NY 673). "This is not a usury situation. Nothing akin to borrowing or lending of money is involved" (see *Solomon v Van De Maele, supra,* p 401). We further note that even if the question of forbearance had been present, plaintiffs could still prevail in an action on the 1974 notes. "The validity of an indebtedness, originally valid, is not affected by the fact that it forms a part of the consideration for a subsequent usurious security which was substituted therefor, or by the fact that the subsequent transaction is a mere cover for a usurious contract of forbearance" (32 NY Jur, Interest and Usury, § 38, p 71). Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.