OPINION OF THE COURT
Joseph Slavin, J.
After trial in this action to recover on promissory notes and other loans, the following facts were established:
The defendant Smith, an airline employee, purchased through his corporation Thistle, Inc. (Thistle) a bar in the Bay Ridge area of Brooklyn. To operate the bar, he employed one Frank Folan (Folan) who was well known in the vicinity by reason of Folan’s prior ownership or management of a restaurant very close to Smith’s business location. During the early conduct of the business, Smith and Folan became convinced that to insure a successful operation from which both may profit, the store and its facilities should be remodeled. However, Smith realized that he did not have sufficient funds to pay the contractor, a William Higgens, and conferred with Folan on the means of borrowing the requisite funds. Folan informed Smith that he had a long friendship with plaintiff who previously helped Folan with funds and probably, because of Folan’s relationship to Smith in the new business venture, would lend *334 Smith the necessary funds. Smith was a total stranger to plaintiff. Plaintiff was not in the business of making loans nor lending money for interest income. Smith and Folan thereupon applied to plaintiff for advances for the remodeling of the business.
On October 31,1978 plaintiff issued his check to cash in the sum of $2,000 which was indorsed by plaintiff “OK Chas. Schreiber”. The check was cashed by Folan with Smith’s consent and the proceeds were turned over to the contractor. On November 2, 1978 plaintiff issued a check payable to Folan, in the sum of $4,000, the proceeds of which were also turned over to the contractor. On November 17, 1978, Smith required additional funds. At this point Smith approached plaintiff for an additional $4,000 which plaintiff refused, stating that Folan owed him $10,000 on a prior loan and that plaintiff would not make the additional advance unless Smith and Thistle agreed to assume Folan’s $10,000 debt. Smith agreed for both himself and Thistle. Whereupon, plaintiff issued a check to Thistle in the sum of $4,000, and Smith as president of Thistle executed a note to plaintiff in the sum of $20,000 and indorsed the note (the note reflected the $10,000 received to date and Folan’s note obligation assumed by Thistle and Smith). At this transaction, Smith was accompanied by Higgens. Folan was not present.
Thereafter Smith required additional funds and on November 22, 1978 borrowed an additional $5,000 on behalf of Thistle and executed a note for the $5,000. The note and the prior note of $20,000 were indorsed by both Smith and Higgens. Two additional check advances, one for $1,000 and the other for $4,000 were made on December 20,1978, each check was payable to cash and the proceeds were used for the payment of the remodeling job. These checks given by plaintiff were in exchange for postdated checks of Thistle. The checks therefore may not be considered as part of defendant’s defense of usury as “This is not a usury situation. Nothing akin to borrowing or lending of money is involved” (Solomon v Van De Maele, 21 AD2d 396,401; see, also, Stitz v Stevens, 70 AD2d 588, affd 48 NY2d 957).
The $5,000 check for which Thistle gave its note indorsed by Smith and Higgens was similarly a separate and *335 distinct transaction of loan, unconnected and unrelated to the $20,000 note. Loans that are valid when made are not affected by any subsequent or prior transactions that may be tainted with usury (see Stein v Nellen Dev. Corp., 65 AD2d 789; Stitz v Stevens, supra). Thus, the initial check loans of $2,000 and $4,000 must be considered valid and their legality not affected by the subsequent $20,000 note transaction.
The court has disposed of those issues that were of facile determination before considering the thorny issue of usury as to defendants’ assumption of Folan’s prior loan of $10,000 in order to receive an additional advance of $4,000 ($6,000 had been previously advanced by plaintiff before the execution of the $20,000 note). Defendants urge upon the court the authority of Vee Bee Serv. Co. v Household Fin. Corp. (51 NYS2d 590, affd 269 App Div 772). But that court merely restated the universally accepted principle of law that a debt of an unknown, unrelated party or a charge to protect and insure against loss on third-party loans is proscribed. Defendants further cite in support of their defense of usury Ferdon v Zarriello Bros. (87 NJ Super 124). Interestingly, that court made an analysis of the law on the facts here presented as obtains in the various jurisdictions, stating: “In most states, therefore, the usury laws have been construed to condemn the undertaking of a borrower to pay the debt of another as an added price for obtaining a loan. That the borrower and the person whose debt is assumed are relatives, as in the case at hand, is immaterial * * * [and similarly proscribed are:] a borrower’s assumption of the debt of a corporation of which he was president and his wife the principal stockholder * * * [the] assumption of the debts of her deceased husband and husband’s stepmother *** a loan to a mother who guaranteed her son’s pre-existing debt ***. [However, s]ome courts have not condemned a borrower’s undertaking of another person’s debt. (Bullock v. Boyd, 1 Hoffman Ch. [N. Y.] 294 [Ch. 1840] *** Valentine v. Conner, 40 N. Y. 248 [Ct. App 1869])” (Ferdon v Zarriello Bros., 87 NJ Super 124, 132, supra).
The Valentine case enunciated the rule that “a refusal [to make a loan] did not, per se, make the transaction *336 usurious, and that fact being, as before stated, the only one found, no other will be presumed to sustain a conclusion that the agreement was corrupt and void” (Valentine v Conner, 40 NY 248, 252, supra). In Thomas v Murray (32 NY 605, 609), the validity of the note was dependent on the prior knowledge of the lender of the insolvency of the third party whose debt was assumed. If the lender “believed the parties to be perfectly solvent, and if the transfer was made in entire good faith, and without any usurious intent”, the loan was not usurious.
Most pertinent and unusually so, the exact same facts were presented in Matter of Jarvis (27 Conn 432, 434). The loan was made in New York, and the Connecticut court was called upon to determine the validity of the loan in accordance with New York law. One Kellogg, a bankrupt, owed the lender $7,000. The third party, as Smith in this case, sought a loan of $7,000 in order to engage with another as partner in the manufacture of cotton gins. The borrower promised to take Kellogg into the business if Kellogg could arrange a loan with his friend, the lender. The “profits from [the venture] were expected to be very large” (supra, p 434). The borrower arranged with Kellogg to apply a fixed sum out of the profits towards satisfying Kellogg’s debt which was assumed. “[I]t was the expectation of all parties at the time, that the notes indorsed * * * would be paid in full from Kellogg’s share of the profits of the cotton gin business” (supra, p 437). The court, in confirming the verdict of the jury in favor of the lender and approving the lower court’s charge to the jury, stated “We do not say that the person making the further loan, at legal interest, does not derive an advantage beyond the premium for the new loan; but it is not the premium for the loan; it is only a collateral incident. Hence, in these and kindred cases, it comes to be a question of intention or bona fides; a question what is the real character of the transaction; whether what is done is a cover for taking usury, or is free from any such design and therefore an unexceptionable and legal transaction.” (Supra, p 445; see, also, McCullough v Snow, 78 NM 455.)
This court holds that plaintiff’s additional loan, made on the assumption by defendants of Folan’s debt, “was made *337 in entire good faith and without any usurious intent” (Thomas v Murray, supra, p 609) and that “it was the expectation of all parties at the time that the [Folan debt] would be paid in full from [Folan’s income] *** from the *** business” (Matter of Jarvis, supra, p 437). The entire transaction between plaintiff and defendants was not (supra, p 445) “a cover for taking usury *** and therefore an unexceptionable and legal transaction.”
Accordingly, judgment is awarded to plaintiff as follows:
(a) Against defendant, Thistle, Inc.
1. The sum of $20,000 with interest from November 7, 1978.
2. The sum of $5,000 (second note) with interest from November 22, 1978.
3. The sum of $5,000 (total of two exchange checks) with interest from January 5, 1979 (the postdate of the first check that was dishonored).
(b) Against defendant, Maurice Smith
1. The sum of $20,000 with interest from November 17, 1978.
2. The sum of $5,000 with interest from November 22, 1978.
Enter judgment, providing for a 15-day stay of execution.