**DURANTE BROS. & SONS, INC., Plaintiff,**

v.

**FLUSHING NATIONAL BANK, Jack Farber, and Richard Gelman, Defendants.**

**No. 80 C 1385.**

United States District Court, E.D. New York.

July 18, 1986.

Beldock Levine & Hoffman (Jon B. Levison, Myron Beldock, of counsel), New York City, for plaintiff.

Shea & Gould (Milton S. Gould, Fran M. Jacobs, Peter C. Nager, of counsel), New York City, for defendants.

NICKERSON, District Judge.

This case is before the court following a remand by the Second Circuit on counts 1, 3, and 5 of the complaint. *Durante Bros.*

*and Sons, Inc. v. Flushing National Bank,* 755 F.2d 239 (2d Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). This court had dismissed these counts alleging the collection of unlawful debts in violation of the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. §§ 1962(a), (c) and (d) because the claims were time barred. Memorandum and Order dated September 27, 1983, reported at 571 F.Supp. 489 (E.D.N.Y.1983). The court also dismissed several of the other counts and the parties proceeded to trial on the remaining counts. Of the three counts submitted to the jury, it returned a verdict in favor of plaintiff on one count. The court set aside this verdict on January 17, 1984 and dismissed the complaint in its entirety.

The Court of Appeals reversed that portion of this court's judgment dismissing counts 1, 3, and 5. The Court of Appeals held that the applicable statute of limitations was two years and that the action was timely brought. The Court suggested that these counts may be subject to summary dismissal because the complaint, although sufficient to meet pleading requirements, did not allege precisely that the defendant charged interest on its loans to plaintiff at twice the enforceable rate and that defendants were in the business of making usurious loans. *Durante Brothers and Sons, Inc., supra,* 755 F.2d at 249–50.

Defendants now move for summary judgment dismissing counts 1, 3, and 5 of the complaint.

The facts are summarized in this court's earlier memorandum and order, 571 F.Supp. 489 (E.D.N.Y.1983). Familiarity with that opinion is assumed.

To state a claim for collection of an unlawful debt under RICO, plaintiff must show, among other things, that the loan secured by the Consolidated Mortgage Agreement "carried twice the enforceable interest rate" and "[was] incurred in connection with 'the business of' lending money at a usurious rate." *Durante Brothers and Sons, Inc., supra,* 755 F.2d at 249. Under New York law interest will be twice

the enforceable rate if it exceeds 50% per year.

On its face the Consolidated Mortgage Agreement does not charge excessive interest. Interest was to be no less than 15% per year nor more than 20% per year. Defendants allege in substance that in order for plaintiff to bring its claim within RICO it has inflated the interest owed by mislabeling principal, improperly calculating interest and adding a variety of unrelated charges.

■ Defendants first allege that plaintiff miscalculated interest by not basing it on the full duration of the loan. Under the agreement plaintiff was to make monthly payments from April 10, 1976 until April 10, 1978 when unpaid principal and accrued interest would be due. Plaintiff argues that the precise duration of the loan presents a factual issue. It states that defendant Flushing National Bank (the Bank) repeatedly threatened to call in this and other outstanding loans and that plaintiff stopped making payments as of April 1, 1977 because of these demands. According to plaintiff, because defendant intended, from the inception of the loan, to treat it as a demand loan, all calculations should be based on a 13–month term.

In the two cases cited by plaintiff, *Lehman v. Roseanne Investors Corp.,* 106 A.D.2d 617, 483 N.Y.S.2d 106 (1984) and *Moore v. Plaza Commercial Corp.,* 9 A.D.2d 223, 192 N.Y.S.2d 770 (1959), *aff'd,* 8 N.Y.2d 813, 168 N.E.2d 390, 202 N.Y.S.2d 321 (1960), the courts looked beyond the terms of the note to other writings that clearly evidenced both parties' intent as to the duration of the note. In *Moore,* for example, the note stated that the loan was payable on demand but a letter agreement modified the term of the loan to 120 days. The court rejected the lender's argument that the duration of the loan was an issue of fact, and stated that the terms of the letter were unambiguous and the parties' actions conformed to these terms.

Similarly the terms of the Consolidated Mortgage Agreement in this case are

equally clear. There is no evidence that both parties agreed that the loan was payable on demand and the Bank did not begin a foreclosure action until April 26, 1978.

Moreover the parol evidence rule bars plaintiff from admitting evidence of the Bank's intention that contradicts the terms of the written document. *See Leumi-Financial Corp. v. Richter,* 17 N.Y.2d 166, 216 N.E.2d 579, 269 N.Y.S.2d 409 (1966). For these reasons interest calculations should be based on the full 25–month term of the loan.

■ Plaintiff suggests that interest computations should be based on either the present value method or the "Rule of 78." However, there is no basis for adopting either formula. The New York Court of Appeals has stated that the simple interest formula rather than the present value method should be used to determine whether a loan is usurious. *Band Realty Co. v. North Brewster, Inc.,* 37 N.Y.2d 460, 335 N.E.2d 316, 373 N.Y.S.2d 97 (1975). The "Rule of 78," which applies to the amount of a rebate to a borrower who prepays interest under an installment credit transaction, is also inappropriate.

The parties dispute the amount of the loan that is considered principal. The Consolidated Mortgage Agreement specifies a principal sum of $181,925. Plaintiff argues, however, that principal should not include the $41,800 that the Bank loaned it to repay the debt of the same amount of Louis Durante, Sr. because it never had use of these funds.

■ Under New York law a borrower's assumption or repayment of a preexisting debt of a third party to the lender in consideration for an additional loan is not usurious unless the plaintiff shows that the lender acted with usurious intent, for example, with knowledge that the third party would not or could not pay. *Schreiber v. Thistle, Inc.,* 108 Misc.2d 333, 437 N.Y.S.2d 596 (N.Y.Sup.Ct.1981); *see generally* 32 N.Y.Jur. *Interest and Usury* § 62 (1963). Plaintiff has come forth with little more than conclusory allegations that the Bank

acted with usurious intent. However, the court need not decide this arguably factual question to find the loan nonusurious. Even if interest calculations are based on a principal of $140,125, the interest charged, after excluding all charges that are improper as a matter of law, does not exceed 50%. For the same reason, the court need not decide whether plaintiff was regularly used as a vehicle for handling Louis Durante, Sr.'s personal finances, which again presents a potentially factual question.

Defendants argue that plaintiff improperly inflated interest charges by both reducing the principal by $41,800 and by adding this sum as interest. However, if it is assumed that principal on the Consolidated Mortgage Agreement is $140,125, then the face amount on the Agreement differs from the amount that plaintiff actually received. Under these circumstances the difference between the face amount of the obligation ($181,925) and the sum actually received ($140,125) is added to the interest permitted by law upon the sum actually received ($140,125) to determine whether the loan is usurious. *See Feldman v. Kings Highway Savings Bank,* 102 N.Y.S.2d 600 (N.Y.Sup.Ct.1950), *rev'd on other grounds,* 278 A.D. 589, 102 N.Y.S.2d 306 (1951), *aff'd,* 303 N.Y. 675, 102 N.E.2d 835 (1951). *See* 31 A.L.R.3d 763, 785 & supp. and cases cited therein.

Plaintiff adds to interest the sum of $4,783.26, $3,033.26 of which was paid to a title company for "mortgage taxes," and $1,750 of which was paid to the Bank for its own expenses. It first argues that the entire sum should be considered as interest because the parties entered into the Consolidated Mortgage Agreement solely for the Bank's benefit. This argument assumes that the Consolidated Mortgage Agreement was void because obtained by duress. But this court dismissed the claim of duress, and the Second Circuit affirmed. *Durante Brothers and Sons, Inc., supra,* 755 F.2d at 251–52. Plaintiff may not reassert the claim, for which, as the Second Circuit noted, plaintiff had a remedy, by recasting it as one for interest.

■ Under New York law a borrower may pay all reasonable expenses incurred by the lender in making the loan without rendering the loan usurious. *Brown v. Robinson*, 224 N.Y. 301, 314, 120 N.E. 694 (1918). These expenses include mortgage recording taxes, *see London Realty Co. v. Riordan*, 207 N.Y. 264, 100 N.E. 800 (1913), reasonable attorneys' fees and other incidental expenses, *King v. American Home Sales Corp.*, 15 A.D.2d 932, 932–33, 226 N.Y.S.2d 55, 56 (N.Y.App.Div.1962), *aff'd*, 13 N.Y.2d 780, 192 N.E.2d 172, 242 N.Y.S.2d 216 (1963). Here plaintiff paid $3,033.26 directly to the title company. In addition defendants submitted records showing that they paid $750 in attorneys' fees in connection with the closing of the Consolidated Mortgage Agreement.

■ Defendants allege that the remaining charge of $1000 covers its own costs in connection with the loan, including the purchase of credit reports. Although they have not documented well these additional charges, any exaggeration or misrepresentation as to these charges does not support a claim of usury. *See King v. American Home Sales Corp., supra*, 15 A.D.2d at 933, 226 N.Y.S.2d at 56 (exaggerations or misrepresentations of charges support claim of fraud rather than of usury). Moreover, even if this charge of $1000 were considered interest, the total charges are still insufficient to constitute usury.

■ By the same token plaintiff may not consider as interest the $5000 it borrowed from the Bank at the time of the closing of the Consolidated Mortgage Agreement to pay its closing costs. Moreover, a collateral transaction will not render a loan usurious if the borrower receives the full benefit of the collateral transaction. *Clarke v. Sheehan*, 47 N.Y. 188, 195 (1872). Here plaintiff received $5000 in exchange for its agreement to repay the loan plus interest. Plaintiff's conclusory allegation that interest on the collateral loan was a cover for a usurious transaction is insufficient to create a triable issue of fact. *See Equitable Life Assurance Society v. Kerpel*, 38 Misc.2d 856, 238 N.Y.S.2d

1016 (N.Y.Sup.Ct.1963) (borrower's assertion that payments under collateral transaction should be considered interest fails to raise triable fact where no proof that payment under collateral transaction was not at ordinary rates and imposed in good faith).

Plaintiff also adds to interest $15,437.50 that it characterizes as "unauthorized principal deductions." Beginning in January 1976 the Bank deducted $1,187.50 from plaintiff's checking account for payments towards the principal owed on its loan of $142,500. When the parties entered into the Consolidated Mortgage Agreement, the Bank increased these deductions to $1,516.04 per month but mistakenly failed to discontinue deductions under the previous loan.

■ Whether the lender imposed by mistake an additional charge or imposed it with usurious intent is normally a question of fact. *See Freitas v. Geddes Savings and Loan Association*, 63 N.Y.2d 254, 471 N.E.2d 437, 481 N.Y.S.2d 665 (1984). In this case, however, the Bank's intent is irrelevant. Because the Bank "mistakenly" reduced principal at a greater rate than required under the Consolidated Mortgage Agreement, it charged plaintiff less interest on a monthly basis than that due under the Consolidated Mortgage Agreement. These reductions in principal cannot be considered interest on the Consolidated Mortgage Agreement.

Plaintiff next adds to its interest calculations $14,000 that it paid to a Joseph Schneiderman. It justifies this inclusion by alleging that the Bank and Jack Farber coerced it into paying "someone else's" loan.

■ A payment to someone other than the lender cannot support a usury claim. *Philips v. MacKellar*, 92 N.Y. 34, 38 (1883). Nor are subsequent transactions, even if usurious, sufficient to invalidate the original obligation if valid at its inception. *See generally* 32 N.Y.Jur. § 38. The $14,000 payment to Schneiderman may not be considered interest on the Consol-

idated Mortgage Agreement. For the same reason the Bank's charge of $200 for "executive committee time, calling bank & figuring O.D. [overdraft]," assessed seven months after the parties entered into the Consolidated Mortgage Agreement, cannot be considered interest.

Finally plaintiff argues that charges for overdrafts in its checking account should be considered as interest because they resulted from the Bank's excessive deductions of principal, repayment of the "Schneiderman" loan and payments of principal and interest on the Consolidated Mortgage Agreement.

As discussed above neither the payment of the Schneiderman loan nor the accelerated payments of principal constitute interest on the Consolidated Mortgage Agreement.

Plaintiff offers no authority for its theory that overdraft charges on its checking account should be considered interest on the Consolidated Mortgage Agreement, and the court sees no basis for treating these charges as such.

Plaintiff has failed to demonstrate that the Consolidated Mortgage Agreement carried twice the enforceable rate of interest. Construing the record in the light most favorable to plaintiff, this court finds that plaintiff has demonstrated that the Bank charged it no more than $95,419.94 in interest. This includes interest of $52,619.94 charged on the Consolidated Mortgage Agreement, the assumption of the Louis Durante, Sr. loan of $41,800 and closing costs of $1000. Because this is less than the allowable interest of $128,913.80 the debt is not unlawful within the meaning of RICO.

Defendant's motion for summary judgment is granted. So ordered.